RICHARD LAMAR *vs.* MOSES McNAMEE.—*December*, 1838.

The principle seems to be well established, that though a tenant who has quitted, in pursuance of a parol license from his landlord, and without having given a notice to quit, remains liable, yet if the landlord *accepts* a third person as his tenant, the acceptance of such substituted tenant operates as a surrender in law of the first tenant's time.

And if the tenant abandons the possession in pursuance of a parol agreement with his landlord, and the latter takes possession himself, the same result will follow, and the tenant's liability for rent is at an end.

Where it was agreed by parol between landlord and tenant, that the latter should give up his unexpired term in a lease, and certain claims which he had for repairs done to the demised premises, in consideration of which the landlord promised to pay the tenant a certain sum of money, and the tenant actually on the same day surrendered, and the landlord took possession; it was *held*, that an action by the tenant for the money was maintainable.

When the contracting parties are both competent to contract, mutuality of obligation is essential to its obligatory force upon either, and if both are not bound, neither is bound.

APPEAL from *Allegany* county court.

This was an action of trespass upon the case brought by *Moses McNamee* against *Richard Lamar*, on the 11th June, 1836. The plaintiff declared that he was lawfully possessed of a certain saw-mill and premises as tenant to the said *Richard*, on which he had expended large sums of money in

improving and repairing the same, and whereas the said *Richard* was desirous of obtaining possession of the same, and there being a dispute and difficulty between the said parties in relation to the possession of, and expenditures upon the said property, the said *Richard* did undertake and promise the said *Moses*, that if he the said *Moses* would surrender and give up to him the said *Richard*, the possession of the said saw-mill and premises, and quit all claim for repairs, &c. he the said *Richard* would pay, &c. That confiding in such promise of the said *Richard*, afterwards, &c. he the said *Moses*, did deliver up and surrender to him the said premises, and did quit all claim and demand, whereupon the said *Richard* became liable to pay, &c. and in consideration thereof undertook, &c.

The 2nd count was on a written lease and agreement for a surrender executed; and the 3d upon an *insimul computassent*. The defendant pleaded the general issue.

At the trial of the cause the plaintiff produced Isaac Wigfield, a competent witness, who testified that on the 11th day of August, 1834, he was called upon by the plaintiff and defendant to settle a dispute between them, relative to a certain saw-mill, then held by lease in writing by the said plaintiff, of him the said defendant, and that said lease would expire on the 1st day of April, 1835, next ensuing, and also some unsettled accounts existing between said parties relative to said leased premises.

The plaintiff also offered in evidence, that the plaintiff agreed to and with said defendant to give up and surrender to him the said defendant, the possession of said saw-mill and premises, so leased as aforesaid, on the said 11th day of August, 1834, and also to release and give up his claims against the defendant, for sundry sums of money laid out by the plaintiff in repairing the said leased premises, in consideration of which the defendant promised to pay the said plaintiff, the sum of one hundred and thirty-six dollars, for the recovery of which this action was brought. The plaintiff then offered to prove by said witness, that in pursuance of

said agreement, he the plaintiff, did on the same day surren-
der and give up to the said defendant, the actual possession
of said leased premises, and that the defendant has from that
day held possession of the same, and that the plaintiff had
abandoned or given up his claims for the repairs of the said
leased premises. Upon this evidence the defendant prayed
the court to instruct the jury that the plaintiff was not entitled
to recover, because the said agreement was by parol and not
in writing, and void within the statute of frauds. But the
court (*Shriver and T. Buchanan A. J.*) overruled this ob-
jection, and permitted the evidence to go to the jury. The
defendant excepted.

The verdict and judgment being against the defendant, he
brought the present appeal.

The cause was submitted on notes of counsel to BUCHA-
NAN, Ch. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and
SPENCE, Judges.

By T. PERRY, for the appellant.

The bill of exceptions presents to the consideration of this
court, the question: can a tenant having agreed to surren-
der the unexpired term of a lease in writing, to his landlord,
prove the surrender by parol evidence, or do the facts es-
tablish a surrender in law?

The appellant in the court below contended, that parol
evidence of such a surrender was inadmissible, but the court
overruled the objection.

By the common law, lands in possession could be surren-
dered without deed or delivery, but since the enactment of
29 *Charles*, ch. 2, s. 3, " no leases, estates or interests, either
of freehold or terms of years, or any uncertain interest shall
be assigned, granted or surrendered, unless it be by deed or
note in writing, signed by the party so assigning, granting
or surrendering the same, or their assent thereunto lawfully
authorized by writing, or by act or operation of law." *Vide*
*Roberts on Frauds*, p. 241. It is thus evident that the com-

mon law doctrine has been materially changed by the statute of frauds. The plaintiff below offered parol evidence of his performance of the agreement, namely, his surrender of the unexpired term of his written lease, he produced no deed, he offered no note or memorandum in writing, which the appellant contends is made essential to give force and validity to his contract. With the statute of frauds in full force, it is difficult to conceive upon what principle of law the decision of the court below can be maintained. There is no ambiguity in the wording of the statute, "no leases, estates or interests either of freehold or terms of years, &c. can be assigned, granted, or *surrendered*, unless it be by deed or note in writing." *Black, vol.* 2, *p.* 326, defines a surrender to be a yielding up of an estate for life or years, to him that hath the immediate reversion or remainder. *Lamar* was the landlord and *McNamee* his tenant, and in no way could *McNamee* dispose of his particular estate, his unexpired term in the lease, unless by surrender in writing. The proof offered was to shew a yielding up, or surrender by *McNamee* of his unexpired term in the lease, which according to the express words of the statute, could only be by deed or note in writing. The authorities on this section of the statute seem to be conclusive. In 1 *Campbell, Batteing vs. Martin, p.* 318, it is decided that a parol assignment of a lease from year to year granted by parol is void under the statute of frauds. It is also held in 3 *Campbell, Molott vs. Brayne, p.* 103, " that a tenancy from year to year created by parol is not determined by a parol license from the landlord to the tenant to quit in the middle of a quarter, and the tenant quitting the premises accordingly." The court of appeals, 2 *Har. and Gill, Lamott vs. Gist, p.* 433, says " that a parol agreement between a landlord and his tenant, that the latter should surrender the residue of his term in the premises to a purchaser, in consideration of which the landlord agreed to give up the rent in arrear is void, as being within the statute of frauds, and inadmissible in evidence on an issue joined in an action

of replevin between such tenant and the bailiff of the land-lord, in which the arrears of rent were claimed."

Again, in *2nd Harrison's Digest, p.* 1407, it is said, " that an agreement between a landlord and tenant, for the latter to give up possession, and the former to take the stock, &c. at a valuation, and to make compensation for fallow, &c. to pay all taxes and to permit the tenant to keep possession of a part of the messuage and some of the out-houses up to a certain day, without paying rent or taxes, was held to operate as a surrender of the term, and not being on a deed stamped, was void." Citing, *Williams vs. Sawyer,* 6 *Moore,* 226. 3 *B. and B.* 70. 2 *Moore, Parmenter vs. Wibber,* 656. Having thus strongly supported by adjudicated cases, the first branch of the appellant's position, let us examine the last expressions of the statute, " by act or operation of law," behind which the appellee may seek protection. What is intended by act or operation of law ? A virtual surrender or such as have their operation by construction, or consequence of law, is explained in the case of *McGinnis vs. McCulloh,* " the words by act or operation of law, are construed to intend only that virtual surrender, which is wrought by the taking of a new lease, or interest, which being in writing is of equal notoriety with a surrender in writing." See *Roberts on Frauds, p.* 254. *Archbold's Black.* 2 vol. *p.* 326, *n.* 126. If the case of *McGinnis vs. McCulloh,* be law, then the appellee cannot find protection by those words of the statute, as it was not pretended that a surrender was established by virtue of a new lease.

Apart from all other authority, is not the law as pro-nounced in *Lamott vs. Gist,* by the court of Appeals, com-plete and decisive of the position assumed by the appellant here ? In that case a distress warrant was levied for the rent accrued on the unexpired term, after the parol agreement to surrender, and yet this court expressed the law to be, that such an agreement was void, and no bar to the landlord's action for the rent in arrear. Here is a parol agreement to surrender the unexpired term, and upon which surrender the

landlord was to pay $136 to the tenant; the tenant sues for that sum of money, and to entitle himself to recover, offers parol evidence of a surrender, and that too, although he was holding by virtue of a lease in writing. If it should be said there is a difference in the case before the court and the one referred to in 2 *Har. and Gill,* in this, that the case of *Lamott vs. Gist,* was on a parol lease, it is answered that *a fortiori* does the law apply here, because this is a written lease, upon which a parol surrender is endeavoured to be set up.

T. J. McKaig, for the appellee.

This was an action of assumpsit brought by the present appellee to recover the sum of $136, which the appellant, on the 15th day of August, 1834, promised to pay the appellee in consideration of the appellee's giving up to, surrendering, or putting, the appellant in possession of the leased premises, and also in consideration that the appellee would release and give up his claims against the appellant for sundry sums of money laid out by him in repairing the said leased premises.

In pursuance of this agreement, on the same day, the appellee put the appellant in full and undisturbed possession of the leased premises, which the appellant enjoyed and occupied from that day. He also abandoned or gave up his claims for the repairs of the said leased premises. On the part of the appellee the contract was completely carried out and executed.

On the part of the appellant it is insisted that parol evidence was inadmissible to prove the surrender of the leased premises; and the case of *Lamott vs. Gist,* is relied upon to sustain this position.

For the sake of the argument admit it. Does it affect the principles of this case? Here the contract was, "put me in possession or give up to me the possession and give up all claim against me for the money you have expended on the leased premises and I will pay you $136." Suppose it be inadmissible to prove a surrender by parol, is not this con-

tract valid and binding on the appellant without surrender ?
Had the same contract been made with any other individual,
and he had taken possession and enjoyed the leased premises,
could not this money be recovered in this form of action,
either upon the special counts in the declaration, or upon the
*insimul computassent* count ?

By taking possession of the leased premises the appellant
precluded the appellee from occupying them, he must there-
fore be taken to have rescinded the agreement, and to have
dispensed with the necessity of a surrender.    And to this
effect is the case of *Walls vs. Atcheson*, 3 *Bing*. 462, (13
*Eng. Com. Law Rep.* 52.)   2 *Selwyn, N. P.* 550.   The case
of *Lamott vs. Gist* is distinguishable from this case.   The
rent was due in March, 1823.    The parol agreement *to* sur-
render set up by *Lamott* was made in September, 1823, to
surrender on the 1st of October following.    The distress
was levied on the 29th September.    No part of the contract
had been carried out, no act had been done by *Gist* at the
time the distress was levied which injured or deprived *La-
mott* from occupying the leased premises.    The contract
therefore was clearly within the meaning of the 3d section of
the statute of frauds.    And although part performance of an
agreement will not take the case out of the statute, yet as-
sumpsit will lie for the expenses incurred in such part per-
formance.    *Kidder vs. Hunt*, 1 *Pick*. 328.    The *insimul
computassent* count would be good as an account stated for
the expenses incurred, or given up, in repairs and for money
expended on the leased premises, and for the unsettled ac-
counts existing between them.    It is laid down in 1 *Chitty's
Pl.* 372, that a party may recover on the common counts
though there was a special agreement, provided it was exe-
cuted.    And the consideration was a sum certain in money.
See also *The Bank of Columbia vs. Patterson's Adm'r.* 7
*Cranch,* 299.    *Felton vs. Dickinson,* 10 *Mass. Rep.* 287, *note
2d.* 1 *Chitty's Pl.* 373.   1 *T. R.* 41, *note a.*

STEPHEN, Judge, delivered the opinion of the court.

This appeal presents but one question for the decision of this court, and that arises upon the operation of the statute of frauds and perjuries, upon the agreement entered into between the parties, relative to the relinquishment by the appellee, of his unexpired interest in a lease for years, which he held under the appellant. The agreement was by parol, and possession was delivered by the tenant to his landlord, according to the terms of the contract of relinquishment.

It was contended by the appellant in the court below, that the agreement being a verbal one, was inoperative and void by the provisions of the statute of frauds, which requires the surrender of such an interest to be in writing, unless effected by the act and operation of law. The county court refused to sustain the objection, in consequence of which the evidence was permitted to go to the jury, and the plaintiff obtained a verdict. It appears by the bill of exceptions, that the plaintiff to maintain the issue on his part, proved by a competent witness, that on the 11th of August, 1834, he was called upon by the plaintiff and defendant, to settle a dispute between them, relative to a certain saw mill, then held by lease in writing by the said plaintiff of him the said defendant; and that said lease would expire on the 1st day of April, 1835, next ensuing; and also some unsettled accounts existing between said parties relative to said leased premises. The plaintiff also offered in evidence, that the plaintiff agreed to and with the said defendant, to give up and surrender to him the said defendant, the possession of said saw mill and premises so leased as aforesaid on the said 11th day of August, 1834, and also to release and give up his claims against the defendant, for sundry sums of money, laid out by him in repairing the said leased premises, in consideration of which, the defendant promised to pay the said plaintiff the sum of one hundred and thirty-six dollars, for the recovery of which, this action was brought. The plaintiff then offered further to prove by the said witness, that in pursuance of said agreement, he did, on the same day, sur-

render and give up to said defendant, the actual possession of the said leased premises, and that the defendant has from that day held possession of the same, and that the plaintiff had abandoned or given up his claims for the repairs of the said leased premises. The defendant thereupon by his counsel, prayed the court to instruct the jury, that upon this proof the plaintiff was not entitled to recover, because the said agreement was *by parol*, and not in writing, and void by the statute of frauds. This objection being overruled by the court, the defendant appealed to this court, who have now to decide upon the legality of that opinion. After the best consideration we have been able to bestow upon this case, and the question raised in it by the bill of exceptions, we have come to the conclusion, that there is no error in the opinion of the court below, of which the appellant has a right to complain. We think it in perfect accordance with the well established principles of law, and that the agreement, although by parol, according to the facts given in evidence, was legally efficient, and available to transfer from the appellee to the appellant, all his unexpired interest in the premises, vested in him by the lease, in virtue of which he held as tenant. The agreement, although by parol, was not executory, but was immediately executed by the relinquishment of the possession of the premises by the tenant, and a simultaneous taking of the possession by the landlord. The occupation of the one ceased, and that of the other commenced, so soon as the contract was entered into. The principle seems to be well established that, although a tenant who has quitted in pursuance of a parol license from his landlord, and without having given a notice to quit, remains liable; yet if the landlord accepts a third person as his tenant, the acceptance of such substituted tenant operates as a surrender in law of the first tenant's time. For this principle see *Roscoe on Evidence*, 143, 144, and if the acceptance and substitution of a new tenant, will operate as a surrender of the term by operation of law, within the statute of frauds and perjuries, where the possession is vacated by the former tenant, prior to such sub-

stitution, it would seem, upon reason and principle, that the taking of possession by the landlord himself, upon the abandonment of the possession by the tenant in pursuance of a parol agreement, ought to have the same effect. His occupation ceases with the consent, and by the act of his landlord, and his liability for rent ought to cease and terminate with it. In 1 *English Common Law Reports*, an action was brought for the use and occupation of a house. The plaintiff proved that the defendant had been tenant from year to year of his house; the defendant proved a parol agreement, that the plaintiff would give up his claim to the rent, on the defendant's giving up immediate possession in the middle of the quarter; both parties accordingly went before a magistrate, and the defendant there gave up the key, which the plaintiff accepted, and the defendant was never after that time in the possession of the premises. The plaintiff sought to recover for a term subseqent to his resuming the key, and he insisted that the tenancy was not thereby determined by reason of the statute of frauds. In that case, the counsel for the defendant contended, that as a less lease than three years may be created, so might it be surrendered, without writing. *Gibbs, C. Justice,* observed, that the clause of the statute of frauds, which restricts estates created by parol to three years, had nothing to do with that which requires surrenders to be in writing. He then observed that the action could not be supported. The plaintiff had taken possession of the house, and the defendant could not therefore occupy it for the same time, if he would.

The same principle is established in 15*th English Common Law Reports,* 229, where the court held, that the action for use and occupation could not be sustained, there being a verbal agreement that the tenant should deliver up the possession of the house which the landlord took accordingly. In this case the decision in 1*st English Common Law Reports* above referred to, is cited by the court and confirmed.

We do not think that there is any thing in the case of *Lamott vs. Gist,* 2 *Har. & Gill,* 433, which impugns the

principles sanctioned by the above decisions. In that case, the parol agreement to surrender was executory, and had not been consummated by the delivery of possession when the distress was levied by the bailiff of the landlord. The tenant still remained in possession, and it was optional with him whether he would fulfil his contract to surrender or not. Every thing rested upon the parol agreement, and that agreement being inoperative and void by the statute of frauds, as he was not bound by it, so neither was it obligatory upon his landlord: for where both parties are competent to contract, a mutuality of obligation is deemed to be essential to its obligatory force upon either. For this principle, if authority be wanted for so plain a proposition, see 3 *Term Reports*, 653. In that case, *Oxly* agreed to sell goods to *Cook*, if he would purchase them, and give notice of his assent to purchase by a limited period. He gave the notice within the prescribed period, but as the engagement in the mean time was all on one side, the seller was held to be at liberty to recede, upon the ground, that under the circumstances of the case, a mutuality of obligation was wanting. Considering the decision of the court below to be correct, we affirm their judgment.

JUDGMENT AFFIRMED.