SAMUEL KINSEY and LOUIS P. HASLUP *vs.* MARY
MINNICK, by her husband and next friend, CHARLES
E. MINNICK.

*Prayer defective as being too General—What Notice is required
from a Tenant to terminate a Monthly tenancy in the City of
Baltimore—Liability of Tenant for Rent, through failure to
terminate the Tenancy by legal notice—What constitutes the
Surrender of a Tenancy.*

A prayer asking the Court to instruct the jury "that there is no sufficient
evidence in the cause to enable the plaintiff to recover," is too general in
its terms under the Act of 1825, ch. 117, and will not be reviewed on appeal.

Notice in writing thirty days previous to the end of the month, is required
from a tenant to his landlord to terminate a monthly tenancy in the City of
Baltimore. (*Code of Pub. Local Laws, Art.* 4, *secs.* 885, 886.)

M. made a lease of certain premises to S. and K. for three years, beginning on
the 1st of October 1869, at $35 a month, with the privilege of renewal for
two years, at $40 a month. S. and K. went into possession of the premises
and occupied them for about two years and a half, when S. went out, and
K. continued the occupation together with H. who was his partner in the
business carried on upon the premises, paying rent for the balance of the
original term of three years at the rate of $35 a month, and after that time
$40 a month, until the 1st of October, 1873, when, without giving any
notice in writing to M. they left the premises, and H. tendered the key to M.
which she refused to accept. M. did not take possession of the premises
until about the 1st of March, 1874. In an action by M. against K. and H. ·
to recover rent for three months from 1st of December, 1873, to 1st of
March, 1874, (other proceedings having been instituted to recover rent for the
months of October and November, 1873,) it was HELD :

1st. That the removal of S. from the premises and the occupancy by H. with
K. as his partner, and the recognition by M. of K. and H. as her tenants by
accepting rent from them, was evidence of the surrender by S. of his
tenancy and the acceptance by M. of H. as a tenant in the place of S.

2nd. That K. and H. having continued in possession as tenants after the expiration of the original term of three years, and continuing to pay rent thereafter at the rate of $40 a month, were liable to M. for the amount claimed, by reason of their failure to terminate the tenancy by giving written notice as required by the Code.

APPEAL from the Baltimore City Court.

*Exception.*—The plaintiff offered the following prayer:

If the jury believe that the defendant, Samuel Kinsey, together with A. W. Shipley, rented the premises known as No. 875 W. Baltimore Street, from the plaintiff, upon the terms set forth in the paper offered in evidence, dated the 22nd of September, 1869, and that they entered into the possession of said premises under said paper, and shall further find that it was agreed between the plaintiff and the defendants, that the defendant Haslup, should take the place of the said Shipley as tenant of the plaintiff, and that the said Haslup did in fact take the place of the said Shipley by entering into possession of the said premises jointly with the defendant Kinsey, and by paying rent therefor to the plaintiff, jointly with said Kinsey, then the plaintiff is entitled to recover the amount claimed in the plaintiff's seventh count in the *narr.;* provided the jury shall find that the same has not been paid.

The defendant offered the following prayers:

1. That there is no sufficient evidence in the cause to enable the plaintiff to recover, and their verdict must be for the defendants under the pleadings in this cause.

2. That there is no sufficient evidence in the cause to enable the plaintiff to recover as against the defendant Haslup, and their verdict must be for him, under the pleadings in this cause.

3. If the jury shall believe from the evidence that the defendants on the first day of September, 1873, were occupants of the store, No. 875 West Baltimore Street, as monthly tenants, as stated in the declaration, and that

they continued to occupy said premises until the first of October, 1873, when they removed from and ceased to occupy the same, tendering the key to the plaintiff, and notifying her verbally that they had removed, and ceased to be her tenants, and that the plaintiff sued and recovered the rent for the month of October, and also for the month of November, after they had ceased to occupy the same, then the jury shall find their verdict for the defendants.

4. If the jury shall believe the facts as stated in the defendants' third prayer, their verdict shall be for the defendants notwithstanding they shall find that no notice in writing had been given by the defendants to the plaintiff.

5. If the jury shall believe from the evidence that the defendants, on the 1st of September, 1873, were occupants of the store and premises, No. 875 West Baltimore Street, as monthly tenants, and that they continued to occupy the same until the last day of September, when they removed from and ceased to occupy the said premises, and further find that the defendants paid the plaintiff the rent of said store and premises during the time they occupied the same, then their verdict shall be for the defendants, notwithstanding no notice in writing had been given by the defendants to the plaintiff.

6. If the jury shall believe from the evidence that the plaintiff instituted a suit before George A. Hemmick, a justice of the peace, against a certain A. W. Shipley and Samuel Kinsey, as her tenants of the property in question, for the month of October, 1873, mentioned in the plaintiff's declaration, and recovered a judgment against them for the rent due for the said month of October, 1873, and that the plaintiff claimed in said suit that the said Shipley and Kinsey, at that time, were her tenants in the said premises, then their verdict shall be for the defendant, Lewis P. Haslup, provided they find that the said Haslup, did not occupy the said premises during the time sued for in this cause, or mentioned in evidence therein.

7. If the jury shall believe from the evidence that the plaintiff instituted a suit before George A. Hemmick, a justice of the peace, against a certain A. W. Shipley and Samuel Kinsey, as her tenants of the property in question, for the month of October, 1873, mentioned in the plaintiff's declaration, and recovered a judgment against them for the rent due for the said month of October, 1873, that the plaintiff claimed in said suit, that the said Shipley and Kinsey, at that time, were her tenants in said premises, and none other, and that the defendants were not then, and have not since been occupants, of the said premises, then their verdict must be for the defendants.

. The Court (BROWN, J.,) granted the prayer of the plaintiff and rejected the prayers of the defendants. To this action of the Court the defendants excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*Rufus W. Applegarth,* for the appellants.

No notice in writing from the defendants was required to terminate their monthly tenancy. Vacating the property, tendering the key and the verbal notice given, were sufficient, and the plaintiff is not entitled to recover for the rent accruing from two to four months after the defendants had ceased to occupy the property. At common law, no notice is required from a tenant by the month; he may quit at the expiration of his tenancy without notice. *Woodfall's L. & T., ch.* 7, *sec.* 6, *p.* 302, (10*th Ed.,*); *Huffell vs. Armitstead,* 7 *Carr & Payne,* 56 and 58; *Cole on Ejectment,* 33 and 37; *Town vs. Campbell,* 3 *Com. Bench,* 922.

Article 4, sec. 885, of the Code of Public Local Laws, does not alter or abrogate the common law, the notice therein mentioned being simply permissive. No notice in

writing is required from a tenant in the State at large. *Art.* 53, *sec.* 7, *Code of Public General Laws.*

In order to effect a surrender of a subsisting tenancy, and substitute a new tenant, it must be shown that there was a mutual agreement between all the parties that the lease should terminate, and the new tenant be substituted, and although it is not necessary that the new agreement should be expressed, but may be inferred from the conduct of the parties, it is absolutely essential that it should be clearly proved that the original lessee or lessees assented to the termination of the term. In short it must be proved that all parties assented to a surrender of the term, before the new tenant can be made liable. *Lyon vs. Reed,* 13 *Mees. & Wel.,* 305 ; *Woodfall's L. & T.,* 710, *ch.* 18, *sec.* 3, (10*th Ed.*) ; *Hyde vs. Moakes,* 5 *Carr. & Payne,* 42 ; *Dawson vs. Lamb,* 3 *Carr. & Kirwan,* 269 ; *Taylor's L. & T., sec.* 517 ; *Graham vs. Wichelo,* 1 *Cromp. & Mess.,* 188, 193.

There is no evidence in the record that Shipley, one of the original lessees, ever assented to a surrender of his tenancy, or to the substitution of the defendant Haslup in his place, nor is there any evidence that Mrs. Minnick, the plaintiff, ever consented to such surrender and substitution, for the inference, that she did, from the fact that her agent, the witness Walker, receipted for the rent to the defendants, is negatived by her subsequently claiming that Shipley was her tenant jointly with the defendant Kinsey, under the lease, and suing them as such for the months of October and November, 1873 ; and it was therefore error in the Court to grant her prayer ignoring as it does the evidence to the contrary of that proposition as stated in the defendant's fifth and sixth prayers, rejected by the Court.

This action is for an independent and specific letting to the defendant Haslup, jointly with his co-defendant Kinsey as holding directly from the plaintiff, of which there

is no evidence ; nor is there any evidence from which the legal relation of landlord and tenant could be inferred between the plaintiff and the defendant Haslup. *Stoddert vs. Newman, 7 H. & J.*, 253 ; *Bedford vs. Terhune*, 30 *N. Y.*, 463.

*C. Dodd McFarland*, for the appellee.

The relation of landlord and tenant was shown to exist between the appellee and the appellants. The appellee refused to accept a surrender of the premises. The appellants did not give notice of their intention to quit, as provided for in sections 885 and 886, Code Public Local Laws, title, City of Baltimore.

The lease being defectively executed by reason of the husband not joining therein, and the parties having taken possession under it, the law implies a verbal contract of similar import between them. *Anderson vs. Critcher*, 11 *G. & J.*, 450 ; *Taylor on Land. and Ten.*, sec. 58.

The defendant's first and second prayers cannot be reviewed. The bill of exception does not profess to give all the evidence produced at the trial. The particulars in which the proof is supposed to be defective, is not stated as required by the fifth rule of this Court.

The appellants' third and fifth prayers were properly rejected. When the relation of landlord and tenant once exists, it cannot be dissolved by the tenant's mere removal from and ceasing to occupy the rented premises, or by the tender of the key, and verbal notice that he had removed and ceased to be tenant, or by suit and recovery of rent after the tenant had ceased to occupy the rented premises, nor by the payment of the rent while they were occupied. *Taylor on Land. and Ten.*, secs. 60, 469.

The appellee supposing that Shipley and Kinsey were liable under the lease offered in evidence, brought suit to recover the rent. It having been declared void by the Court of last resort in that case, and evidence having been

offered in the presence of the appellant, Haslup, that he had been accepted as tenant in lieu of Shipley, it is clear from the proof in the cause, that the appellants became liable for the rent during the continuance of the tenancy. The sixth and seventh prayers of the appellants were properly rejected. *Phipps vs. Sculthorpe,* 1 *Barn. & Ald.,* 50.

Shipley's liability ceased on the acceptance of Haslup as tenant. *Lamar vs. McNamee,* 10 *G. & J.,* 116.

BARTOL, C. J., delivered the opinion of the Court.

The facts of this case, so far as they appear to be material to be stated are as follows: The appellee, a married woman, being the owner of premises in Baltimore, made a lease of them to *Shipley and Kinsey,* for three years beginning on the 1st of October 1869, at $35 per month, with the privilege to the lessees of renewing the lease, for the term of two years, from and after the expiration of the original term, "paying for the additional term of two years, the rent of $480 *per annum,* in equal monthly instalments of $40." Shipley and Kinsey went into possession, and occupied the property for about two years and a half, when Shipley went out, and Kinsey continued in the occupation, together with Louis P. Haslup, who was his partner in the business carried on, upon the premises, paying rent for the balance of the original term of three years, at the rate of $35 a month, and after that time $40 a month; until the first day of October 1873; when *without giving any notice in writing to the appellee,* they left the premises, and Haslup tendered the key to the appellee which she refused to accept. Proof was given that the bills for rent, were made out in the name of Kinsey and Haslup, by Kinsey's direction, and were paid in Haslup's presence.

This suit was brought to recover from the appellants, rent for three months from Dec. 1st 1873, to March 1st 1874.

Testimony was offered by the defendants that the appellee had brought two suits before a Justice of the Peace. against *Kinsey and Shipley*, one for the rent of the premises for the month of October 1873, and the other for the month of November 1873. That the appellee was examined as a witness in both cases, and testified that she claimed the rent from Kinsey and Shipley as her tenants under her lease. That in the first case she recovered a judgment against Shipley and Kinsey, and in the second case against Kinsey alone; that both cases were taken by appeal to the Baltimore City Court, in the first, the judgment of the Justice was reversed and she recovered judgment against Kinsey alone, which judgment has been paid; the other case is still pending.

It appears by the record that some evidence was offered by the plaintiff to which the defendants objected, and the objection was overruled by the Court below; but as no bill of exceptions was taken to this ruling, there is no question before us upon the evidence. The points for decision arise upon the prayers. Those offered by the defendants will first be considered. The *first* and *second* present no question that can be reviewed. Since the Act of 1825, ch. 117, such prayers have often been decided to be too general. *Penn vs. Flack*, 3 *G. & J.*, 369; *Hatton vs. McClish*, 6 *Md.*, 407; *Casey vs. Suter*, 36 *Md.*, 1; *Blair vs. Blair*, 39 *Md.*, 556.

The *third and fourth* prayers may be considered together, they assert the proposition that, if the defendants occupied the premises as monthly tenants, as stated in the declaration, until the first day of October 1873, and then moved out, tendering the key to the plaintiff notifying her verbally that they had removed, they ceased to be her tenants, and were not liable for rent thereafter; and that *notice in writing* was not necessary to terminate the tenancy. The prayers also incorporate the fact, that the plaintiff had sued and recovered the rent for the months

of October and November 1873; but that fact as it is stated in the prayer has no significance or material bearing upon the question involved, which is simply what notice is required from a tenant to the landlord to terminate a tenancy in the City of Baltimore? This is prescribed by the *Code, Vol.* 2, *Art.* 4, *sec.* 885, which requires a notice of "*thirty days previous to the end of the year or other period for which he holds the same,* and section 886 requires the notice to be in writing. Construing these sections in connection with the three preceding sections, to which they refer, there can be no doubt that they apply to a monthly tenancy, which is that under which the defendants held the premises; and we consider it equally clear that the 886th section, in so far as it requires the *notice to be in writing,* applies to the tenant as well as the landlord.

It follows that the *third* and *fourth* prayers were properly refused, and for the same reason there was no error in rejecting the *fifth* prayer which presents the same question. The *sixth* and *seventh* prayers were also properly refused, they rely upon the proceedings instituted by the plaintiff before the Justice of the Peace, in which she claimed the rent for October and November 1873, from *Shipley and Kinsey,* alleging them to be her tenants, as estopping her from maintaining the present suit.

It appears from the proof however, that the proceedings before the Justice were instituted upon the written lease, which she erroneously believed to be valid and binding. But it turned out not to be a valid lease, she being a married woman, and her husband not having united with her in its execution; as was correctly decided by the City Court on the appeal from the judgment of the Justice of the Peace. The assertion by the plaintiff in those proceedings of her claim against *Shipley and Kinsey,* was nothing more than the assertion of a legal proposition, in which it turned out she was mistaken, and cannot operate

as an estoppel in this suit, or preclude her from recovering the rent for the preceeding months of December, January and February, from the defendants, if they are shown by the evidence to be legally liable for the same. It is clear that the doctrine of estoppel has no•application to the case.

It remains for us to consider the plaintiff's prayer which was granted. We have already said that the written lease of September 22nd 1869, was invalid for the reason stated, but Shipley and Kinsey having taken possession under it, occupied the premises as tenants liable for a monthly rent of $35, the law in such case implies a verbal agreement of similar import as to terms, to that expressed in the writing. *Anderson vs. Critcher*, 11 *G. & J.*, 450 ; *Taylor's L. & T.*, sec. 58.

When Shipley removed from the premises, and Haslup went into the occupancy with Kinsey as his partner, and the plaintiff recognized the appellants Kinsey and Haslup as her tenants by accepting rent from them, these facts were evidence of a surrender of his tenancy by Shipley, and the acceptance by the plaintiff of Haslup as tenant in his place; as was decided in *Lamar vs. McNamee*, 10 *G. & J.*, 116. The same point was decided in *Woodcock vs. North*, 8 *Bing.*, 170, (21 *E. C. L.*, 259.) We refer also to *Nickells vs. Atherstone*, 59 *E. C. L.*, 943.

The appellants having continued in possession as tenants, after the expiration of the original term of three years, and continuing to pay rent thereafter at the rate of $40 per month, were liable to the plaintiff for the sum claimed in the *seventh* count of the declaration ; by reason of their failure to terminate the tenancy by giving written notice as required by the Code. The Court below was therefore correct in granting the prayer of the appellee.

*Judgment affirmed.*

(Decided 22nd June, 1875.)