J. W. McClung *vs.* A. D. Condit, impleaded, etc.

July 23, 1880.

**Former Judgment—Estoppel.**—A former judgment, when used as evidence in a second action between the same parties, is conclusive upon every question of fact which was directly involved within the issues made in such former action, and which is shown to have been actually litigated and determined therein.

Appeal by defendant Condit from a judgment of the municipal court of St. Paul, in an action brought against him and one Radcliff.

*Simonton & Reid,* for appellant.

*S. L. Pierce,* for respondent.

CORNELL, J. The written lease upon which this action is founded is as follows:

"I have leased to A. M. Radcliff, and A. G. Manson, and A. D. Condit, the store-room in McClung's Block, in St. Paul, Minn., lately occupied by Sidney & Co., for two years, from

May 1, 1877, at four hundred dollars rent the first year, and four hundred and fifty the second year, payable in equal monthly instalments, and for the next two months from this date for twenty dollars per month, for which they are jointly and severally liable.

"St. Paul, March 1, 1877.

[Signed]                                    "J. W. McCLUNG."

"We accept the above lease on the terms named.

[Signed]                                    "A. G. MANSON.

"A. M. RADCLIFF."

. The purpose of the action is to recover the instalments of rent which have accrued since May 1, 1878. The appellant, Condit, answered separately, putting in issue all the allegations of the complaint as to the execution of the lease, the entry and possession of the demised premises, and any liability on his part, joint or otherwise, upon the covenants of the lease, and also setting up the further defence of a former suit in bar, in which he claims that the question of his liability under the lease was determined in his favor.

On the trial, the record of the proceedings in such former action, which was tried by a justice of the peace, was introduced in evidence, without objection, together with proofs showing the identity of the lease sued on in both actions, and the particular matters which were actually litigated in such former action as between the plaintiff and Condit. It appears therefrom that that action was brought upon said written lease, against Condit, Radcliff, and Manson, the parties named therein as the lessees, for the recovery of the unpaid instalments of rent then claimed to be due thereon, amounting in all to $99.50. The complaint therein alleged substantially a demise of the premises to all said parties, by said written instrument of lease, "to be occupied by them jointly," for the term therein mentioned, and for the rent therein specified, "for which they were to be jointly and severally liable," etc., and that they "agreed to accept said premises and lease in writing according to the terms thereof, and entered upon

the possession of the same pursuant to said lease," which they afterwards continued to occupy. The separate answer of Condit put in issue all these allegations of the complaint, and the precise point which was litigated between him and the plaintiff on the trial, and to which testimony was introduced, was whether Condit ever incurred any liability at all under the lease, either joint or several, by reason of any execution or acceptance of the same, or any entry or occupancy of the demised premises thereunder, jointly or otherwise. After the trial and submission of the case upon the merits, the justice rendered a decision, which he entered in his docket as follows:

"From the evidence it appears that defendant Condit is not liable, and judgment is hereby rendered against defendants Manson and Radcliff, jointly and severally, for the sum of $99.50, and costs of suit, taxed at $7.65.

"St. Paul, July 3, 1878.

[Signed] "E. BURNAND,

"Justice of the Peace."

Under the issues tried, this in effect was a judgment, not only in favor of plaintiff against the defendants Manson and Radcliff for the whole amount of his claim in that action, but it was one acquitting the defendant Condit of all liability on account of such demand. It is also evident that the justice, in rendering this judgment, must necessarily have decided in Condit's favor the precise question which was litigated between him and the plaintiff in that action, as to his acceptance of the lease, and entry and occupancy of the demised premises thereunder, and also as to his liability at all upon any of the covenants it contained; for, without so deciding, he could not have rendered the judgment he did, adjudging the defendants Manson and Radcliff liable for the whole amount of the monthly instalments of rent which had then accrued and remained unpaid, and that the defendant Condit was not liable for any portion thereof. The effect of this judgment, as an estoppel, was to preclude both plaintiff

and Condit from litigating anew, in any future action between them in which it might be pleaded in bar or used as evidence, not only the question as to Condit's liability for the rents which were demanded in that action, but the further question, which was there actually contested, and was necessarily passed upon by the court, as to his liability at all under the lease.

In the present action, this last question was again directly involved in the trial of the issues made by the pleadings between the parties plaintiff and appellant, and the former judgment was conclusive evidence that appellant never became a party to the lease, by acceptance or otherwise, and that he is consequently not liable upon any of its covenants. As to plaintiff's position, that the issues in the two actions are essentially different, because of the allegation herein of a partnership between the alleged lessees in taking the lease, it is sufficient to observe, if that allegation was material and essential to the maintenance of the cause of action stated in the complaint, it was not only left wholly unsupported by any evidence in the case tending to establish the fact as against Condit, but it was disproved by the terms of the lease itself, and, therefore, the finding of the court below in respect to that matter is erroneous, and sufficient cause for a new trial. If, however, the allegation was immaterial, and a recovery might have been had notwithstanding the absence of any proof to support it, its insertion in the complaint could not affect the question as to the conclusive effect of the judgment in the former action in respect to the same matters which were therein determined, and which are now presented for adjudication in this action.

Judgment reversed.