## BALTIMORE CITY COURT

Filed July 8, 1889.

JOHN G. LUTZ
VS.
CHARLES F. LUTZ.

*Benjamin Kurtz* for plaintiff.

*W. Burns Trundle* for petitioner.

STEWART, J.—

An attachment was issued against Charles F. Lutz, the defendant, as an absconding debtor on 8th January, 1889, and certain personal property on the premises numbered 150 and 152 N. Gay street, in this city, was taken by the sheriff under the writ, and by special order of Court, was sold at public sale and the net proceeds of said sale, amounting to $474.13, were deposited by the sheriff in this Court to the credit of the cause. The sheriff reports that before making the sale on 9th January, 1889, the landlord of the premises, Zion Church, made claim for $200 for five month's rent due 1st January, 1889, for which it had issued a

distraint on the preceding day, which it had been prevented from levying, by reason of the goods being in the hands of an officer of the law.

The petitioner, Zion Church, now asks to be paid the rent due, as above claimed; but payment is resisted on the ground that the defendant was a monthly tenant, and under the Act of 1888, Chapter 487, the goods on the premises were not liable to be distrained.

The important question in the case is, therefore, whether the defendant was a monthly tenant.

The evidence shows that the premises were rented by the petitioner to Frederick Bergner; without any stipulation as to the length of the term, and that he remained as tenant from 1866 to 1881, paying his rent monthly, when he sold out to H. M. Benson, who continued until April, 1884, at which time he sold out to the defendant, who, like his predecessors, paid his rent monthly.

It is true that the defendant says, in his testimony, taken under a commission, that he rented the store monthly, at $40 per month; that there was no written contract; and that there was no agreement to pay rent by the year, yet it is plainly apparent that he never had any understanding with the petitioner, or its agent, upon the subject, for on further examination, he states that there was no change made in the terms by which Benson, whom he bought out, held the property, and all that he knows about it, is that Benson told him that he rented by the month and the bills for rent were made out in that way.

It has long been held by the Courts, that the renting of a tenement for an indefinite time, and an occupation for a year, constitutes a tenancy for a year. The wisdom of the rule is strikingly shown in this case, when the defendant bought out the store from Benson. By the argument and contention of the defendant, he could have been ejected from the premises, on thirty days' notice, immediately after his purchase, had his landlord so determined. This, in the opinion of the Court is not law, it would be manifest injustice.

The case of Kinsey vs. Minnick, 43 Md. 120, throws no light on the question now before the Court, as the issue involved in that suit, was whether any notice had been given to terminate the tenancy, 30 days' written notice being necessary from the tenant to the landlord as well as from the landlord to the tenant, in a monthly as well as in a yearly tenancy, and the declaration setting forth in that case, that it was a monthly renting. The reasoning of the Court, however, on page 121, in upholding the plaintiff's prayer, says, that while the lease in that case was invalid, on account of its imperfect execution, yet the defendants having entered under it, the law, in such cases, implies a verbal agreement of similar import as to term, the tenancy in that case, was for a term of years, and not a monthly letting as the Court stated on the preceding page.

In Thompson vs. Baltimore and Susquehanna Steam Co., 33 Md. 312, it was held, that when goods seized under an attachment were sold under the Court's order, the landlord's remedy was to go into Court and claim the payment of rent in arrear out of the proceeds, and that he would be entitled to precedence by reason of his *quasi* lien on the goods.

The lien of the landlord for rent was also recognized in the case of Wanamaker vs. Bowes, 36 Md. 59, when the goods of the debtor, who was not the tenant, were taken under an attachment irregularly issued, and the Court ordered the rent to be paid from the proceeds, as if the landlord had proceeded by distraint to recover the rent in arrear. There were two witnesses examined to prove the terms upon which they rented from the petitioner the premises No. 148 N. Gay street, adjoining those occupied by the defendant.

This testimony does not tend to throw any light upon the terms of the renting to the defendant, unless a legal deduction can be drawn to the effect that a landlord cannot vary the terms of tenancy; but must rent to all alike for the same term. Such a proposition has not the sanction of authority, or reason, and, therefore, the exception filed to this evidence must be sustained. An order will be passed directing the payment of $200, the rent found to be due and in arrear, on the day of sale, out of the funds in Court to the petitioner.