(10 App. Div. 589.)

### BURDICK v. CAMERON.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

1. ACTION FOR RENT—JUDGMENT—RES JUDICATA.
   A judgment that defendant had abandoned leased premises, and that they were untenantable, and that he was not liable for rent after the abandonment, rendered in an action for rent, bars a subsequent action for subsequent installments of rent under the same lease.

2. SAME—PLEADING.
   An answer in an action for rent, which states that defendant had abandoned the premises, sufficiently states a surrender thereof.

Appeal from Kings county court.

Action by James T. Burdick against Daniel Cameron. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. F. Van Thun, Jr., for appellant.

D. Cameron, in pro. per.

HATCH, J. The action is brought to recover installments of rent, secured to be paid by the terms of a written lease, for the months of November and December, 1895, and for part of the month of January, 1896. The answer alleged that the premises were untenantable, and, on account thereof, that the defendant was compelled to remove therefrom. And for a further defense it was pleaded as a bar that heretofore, and upon the 28th day of October, 1895, action was brought in a justice's court of the city of Brooklyn, by the plaintiff against the defendant, to recover rent upon the same lease for the months of September and October, 1895; that in such action the defendant set up, as a defense to a recovery therein, the untenantable condition of the premises, and that by reason thereof he was compelled to abandon and did abandon the same during the month of September, 1895; that a trial was had in such justice's court, and upon such trial the principal and material questions litigated were the untenantable condition of the premises, and defendant's liability for rent under the lease after his abandonment; that thereafter the court duly rendered a judgment upon the merits in this language: "The defendant should pay the rent for September, 1895. He cannot be held for subsequent rent, having abandoned untenantable premises. Judgment is therefore rendered for the plaintiff for the sum of fifty dollars damages, besides costs." The court below has held that this judgment constituted a bar to the maintenance of the present action. In this view we think it was correct. The general rule of law is that a former judgment extends by way of estoppel "to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered." Pray v. Hegeman, 98 N. Y. 351. The questions which were embraced within the pleadings, and litigated upon the trial, in the justice's court, were whether the premises were untenantable, and whether the defendant had abandoned them. The execution of the lease was conceded. The right of the plaintiff to recover for the two months' rent, unless his right thereto was defeated by the matters alleged in the answer, followed. The question before the justice, therefore, resolved itself into one of liability for rent under the lease. If the defendant's liability continued, it so continued by force of the provisions of the agreement, not alone as to the installments of rent for which the action was brought, but for all subsequent installments of rent which should thereafter fall due, unless changed conditions should appear. The determination of the justice resulted in a judgment for the September rent, and a denial of right to recover for the October rent, based upon the ground that no further liability existed against the defendant for rent accruing by virtue of the terms of the lease after that time. The effect of this judgment was not limited to the October rent. It was a determina-

tion of the question of liability upon the lease, and as such was an adjudication that liability thereunder no longer existed.

The contention that the present suit is a separate and independent controversy, distinct from the one prosecuted before the justice, cannot be upheld. It is only distinct in the sense of being brought in another court, and being for other installments of rent. But the right upon which the recovery must be based is identically the same, to wit, the validity of the lease. This, as we have seen, the former judgment declared to be invalid from and after the last day of September. It is not, therefore, in a legal sense, a distinct and independent cause of action. Gardner v. Buckbee, 3 Cow. 120.

The issue presented by the pleadings before the justice raised, as we have seen, the question whether defendant could legally, and did in fact, abandon the premises. These questions the judgment shows, by its recital, were determined by the justice. It was received in evidence without objection, and is sufficient for that purpose. The case last cited is authority for the rule that, if the judgment failed of recital in this respect, parol proof would be admissible to establish the fact that the questions were litigated and determined. 3 Cow. 127. There it was said that the jury must have passed upon the fraud, as it was necessary and essential to the determination reached. Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292. In the suit before the justice he must have passed upon the question of defendant's liability under the lease, and determined that it was invalid; else plaintiff was entitled to recover for the October rent. The judgment rendered says that he did it. That judgment is as much a denial of the right to recover further rent under the lease as of affirmance of the right to recover for the September rent. The one is as broad as the other, and both were before the court for determination. The criticism that the answer did not allege that defendant surrendered possession of the premises is unfounded. He alleged abandonment, and that implies a surrender. 1 Burrill, Law Dict. p. 4. We are not now concerned with the question whether or not the facts which were alleged in the answer, or which appeared before the justice, would legally sustain the conclusion reached by him. He had jurisdiction of the subject-matter and of the parties, and could therefore render judgment, and such judgment remains effective while it stands.

The judgment appealed from should be affirmed, with costs. All concur.