(Decided December 2nd, 1897).

## CLAYTON M. EMRICH *vs.* THE UNION STOCK YARD COMPANY.

*Landlord and Tenant—Unrecorded Lease for Ten Years—Liability of Assignee Thereof to Pay Rent—Notice to Terminate Tenancy.*

A written lease was made of certain land to A. for the term of ten years at a stipulated rent. This lease was not recorded as required by statute, but A. entered into possession, and so continued for five years, when he assigned the lease to the defendant with the assent of the landlord. Defendant took possession and paid the rent for two years. He then abandoned the premises without giving then or thereafter any notice to terminate the tenancy. In an action to recover the rent reserved in the lease for the balance of the term, *Held*,

1st. That when defendant entered into possession under the assignment the law implied a holding under a verbal lease for the same rent as that reserved in the written lease.

2nd. That since defendant was plaintiff's tenant, notice was necessary in order to terminate the tenancy, and no such notice having been given, defendant was liable in this action for the rent reserved.

3rd. That the written lease was admissible in evidence to show the terms upon which defendant held the property.

Appeal from a judgment of the Superior Court of Baltimore City (WRIGHT, J.)  At the trial the Court granted the plaintiff's prayer, which was as follows: " If the jury believe that William W. Hafer leased to Charles J. Miester and Edward M. Romoser, the premises known as the Millington Mill, upon the terms set forth in the paper dated October 23, 1885, offered in evidence, and that they entered into possession of said premises under said paper, and shall further find that it was agreed between said Hafer and said Miester and Romoser as tenant of said Hafer, and that the said Emrich did in fact take the place of the said Miester and Romoser by entering into possession of said premises and paying rent therefor, according to the rate named in said paper, and that said Hafer did, by deed dated April 1, 1893, convey said Millington Mill, and the property adjoining thereto, leased as aforesaid, to the Union Stock Yard Company, the plaintiff, then the plaintiff is entitled to recover rent for said premises up to May 1, 1895, according to the rate set forth, so far as the same may be unpaid."

The Court rejected an instruction asked for by the defendant to the effect that if the jury " find from the evidence that the defendant was not in occupation of the property mentioned in this case subsequent to September 1, 1893, and shall further find that the plaintiff by its distraint proceedings instituted in 1893, recovered all rent due up to and including the time when the defendant ceased to occupy said property, then the plaintiff is not entitled to recover for any subsequent use and occupation of said property, and their verdict must be for the defendant, unless they shall further find that there was an express agreement between the plaintiff and defendant creating the relation of landlord and tenant."

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Francis E. Pegram* (with whom was *Thomas E. Brady* and *Francis P. Curtis* on the brief), for the appellant.

*H. R. Preston* (with whom were *Cowen, Cross & Bond* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

It appears that one Hafer was the owner of a mill in Baltimore City, and that on the 23rd of October, 1885, he made a lease thereof in writing to Messrs. Miester & Romoser for a term of ten years, at an annual rent of $400 for the first five years and $600 per annum for the remainder of the tenancy, payable quarterly. This lease, however, was not recorded, but a copy of it is before us in the record. The tenants named continued to occupy the premises and to pay the rent stipulated to the first of August, 1891. Mr. Rogers as agent for the landlord, Hafer, assented at the time just named to the transfer of the lease by Miester & Romoser to the defendant, Emerick, as tenant, and he paid the rent reserved in the lease up to and including the payment which fell due May 1st, 1893. Prior to this last payment of rent to Mr. Rogers, the property had been sold and conveyed to the plaintiff, the Union Stock Yard Company, subject, of course, to the lease, and he paid to it its proportion of such rent. The plaintiff further proved by one of the tenants named in the lease, Charles J. Miester, that both the machinery and the lease were sold and assigned to the defendant. He testified that the defendant wanted the lease as well as the machinery. There can therefore be no question that there was as matter of fact a lease of some kind sold and transferred to the defendant, and that he took possession under it and paid the rent up to a certain time. And there is quite as little doubt what was the nature and import of the lease.

During the course of the trial two exceptions were taken to the rulings of the learned Judge below—one to the admissibility in evidence of the lease; and the other to the ruling upon the prayers. The unrecorded lease was offered

generally, and if admissible for any purpose under the pleadings it would have been error to reject it.   *Byers* v. *Horner*, 47 Md. 23.   It was conceded that the failure to record the lease made it invalid as a lease as to third parties, but still it was admissible in evidence for the purpose of showing the terms of the tenancy implied by law in the absence of a valid written lease.   In the case of *Kinsey* v. *Minnick*, 43 Md. 112, it was said " we have already said that the written lease of Sept. 22nd, 1869, was invalid for the reason stated (failure of the husband to sign his wife's lease), but Shipley and Kinsey having taken possession under it, occupied the premises as tenants liable for a monthly rent   *   *   the law in such case implies a verbal agreement of similar import as to terms to that expressed in the writing."   The case just referred to shows with equal clearness that when the first tenants went out and the defendant took their place under the facts of this case he went in as tenant and is liable as such.   The language used is as follows :  " When Shipley (one of the tenants) removed from the premises, and Haslup went into the occupancy with Kinsey (the other tenant), and the plaintiff recognized the appellants Kinsey and Haslup, as her tenants, by accepting rent from them, those facts were evidence of a surrender of his tenancy by Shipley, and the acceptance by the plaintiff of Haslup as tenant in his place as was decided in *Lamar* v. *McNamee*, 10 G. & J. 116."   But in addition to this there is direct evidence in the record of an assignment of the lease whatever may have been the nature of the holding, with the assent of the landlord's agent, Mr. Rogers.   No argument is necessary therefore under the authority of *Kinsey* v. *Minnick* to establish not only that the lease was properly admitted in evidence to show the terms of the holding, but that in the absence of any notice of any kind given by the tenant to the landlord to terminate the tenancy, the jury were properly instructed under all the facts in the case to find for the plaintiff.   While the law regulating the rights of landlord and tenant has been shorn by modern legislation of some of the harsh techni-

calities and strictness impressed upon it by the ancient common law, it has not yet been so emasculated as to allow a tenant to escape the payment of rent, merely because he chooses to abandon the property without giving the landlord any notice whatever.

*Judgment affirmed.*

(Decided December 2nd, 1897).