[No. 3417. Decided May 13, 1901.]

PATRICK DOLAN, *Appellant,* v. J. H. SCOTT, *Respondent.*

LANDLORD AND TENANT — ACTION FOR RENT — RES JUDICATA.

Where a tenant under a lease for one year abandoned the premises at the end of the first month, and, in an action by the landlord for the second month's rent, judgment was rendered in defendant's favor on the ground that the lease was invalid, such judgment is *res judicata* in a subsequent action brought by the landlord at the end of the year for the use and occupation of the premises for the balance of the term of eleven months during which the tenant was alleged to have been in constructive possession.

SAME — TENANCY AT WILL — TERMINATION — NOTICE — LOSS OF PERSONAL PROPERTY — LIABILITY OF TENANT.

A tenant under a void lease being merely a tenant at will is privileged to terminate his tenancy .at any time without notice, and in such case is not liable for the loss of personal property included in the lease whose loss occurred after his abandonment of the premises, and during the period for which the landlord was attempting to hold him to the terms of the lease.

JUDGMENT OF SUPERIOR COURT—CONCLUSIVENESS ON APPELLATE TRI-
BUNAL.

The fact that a judgment in a former action was for an
amount which would render it unappealable to the supreme court,
would none the less constitute it a bar in the latter court in a
subsequent action between the same parties involving the same
subject matter.

Appeal from Superior Court, Thurston County.—Hon.
OLIVER V. LINN, Judge. Affirmed.

*T. N. Allen* and *Phil. Skillman,* for appellant.

*George C. Israel,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—In the month of May, 1897, Mary J. Do-
lan was the owner of, and together with her husband, Pat-
rick Dolan, executed to Scott & Quinn a lease of, the sa-
loon, furniture, and fixtures situated on the corner of
Fourth and Washington streets, in the city of Olympia.
The lease was for the term of one year commencing on
the 10th day of July, 1897, with a monthly rental of $43,
payable in advance. The lessees paid the first month's
rent, took possession of the premises, and retained posses-
sion thereof until the 9th day of August following, when
they abandoned the property and tendered possession
thereof, with the keys, to plaintiff, which tender was re-
fused. Subsequently Quinn died and this action is prose-
cuted against J. H. Scott, surviving partner of the firm
of Scott & Quinn, and as administrator of the estate of
Quinn, deceased. On the 10th of August, 1897, the lessors
made a demand for the amount of the rent alleged to be
due for the month ending September 10th, which was re-
fused. On the 11th day of August, 1897, plaintiff com-
menced an action in the justice's court for the installment
of rent alleged to be due in pursuance of the terms of the

lease. In due time the case reached the superior court on appeal, was tried by a jury and a verdict rendered for the defendant, upon which a judgment was subsequently entered which was not appealed from. Plaintiff, after the expiration of the lease, took possession of the property and commenced this action in the superior court for use and occupation for the entire eleven months, and also, as a second cause of action, to recover the value of certain personal property which was included in the lease, but which he failed to find when he repossessed himself of the premises. The defendant answered, admitting the material allegations of the complaint, but, as an affirmative defense, alleged the illegality of the contract, on the ground that the premises were, with the knowledge and consent of plaintiff, rented for the purpose of conducting a gambling house, and also pleaded, as *res judicata*, the judgment in the former suit for the second month's rent. The reply denied this affirmative defense, and the case went to the jury, a verdict was rendered for the defendant on which judgment was entered, and the plaintiff appeals.

It is contended by the appellant that the validity of the lease was not determined in the former suit, and also that the defendant is liable for rent for the entire eleven months, by reason of having entered into possession under the lease and not having given thirty days' notice of his intention to terminate the same. In other words, it is claimed that a tenancy from month to month was created by the acts of the respondent, notwithstanding the terms of the lease. If the plea of *res judicata* is allowed to avail the defendant, it will not be necessary to consider the appellant's assignments of error. It seems to us, if we have properly understood appellant's theory of this case, that he has taken inconsistent positions. If the lease was valid, and the defendant took possession under it, of what avail

would thirty days' notice of his intention to vacate have been? Parties cannot terminate a valid contract by simply giving notice of their intention to do so. In the former suit the action was commenced strictly upon the contract to recover the second month's rent in advance, and the only material issue was the validity of the lease. It is true that the complaint alleged possession by the defendants, but we think that was an immaterial issue; for, if the lease was valid, "it would make no difference whether they were actually in possession or not."

In *Danziger v. Williams,* 91 Pa. St. 234, the court says:

"This was an action of debt, brought to recover the second quarter's rent upon an alleged lease of a building for one year, at a rental of $1,600, payable quarterly in advance; the rent in controversy falling due July 1st, 1877. By agreement filed, jury trial was dispensed with, and the case submitted to the court under the Act of Assembly. The defendant pleaded in bar a former action between the same parties, in the same court, . . . for which a prior quarter's rent, under the same lease, had been demanded, and in which there was an award of arbitrators in his favor, unappealed from. A failure to recover one quarter's rent would not necessarily preclude a recovery for a subsequent quarter. As an illustration, the defense of payment might be a good defense to an action for the first quarter, and yet fail as to the second. But if the first action was defeated exclusively upon a ground which denied the right of action, it would be a good plea in bar to a suit brought to recover subsequent rent under the same lease. No authorities are needed for so plain a proposition."

Substantially to the same effect are *Burdick v. Cameron,* 42 N. Y. Supp. 78, and *McClung v. Condit,* 27 Minn. 45 (6 N. W. 399).

In *Cromwell v. County of Sac,* 94 U. S. 351, it is held that, except in special cases, the plea of *res judicata* applies not only to points upon which the court was actually

required to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of the issue; and the same view was expressed by this court in *Sayward v. Thayer,* 9 Wash. 22 (36 Pac. 966). Mr. Greenleaf says the rule should apply to that which was directly in issue, and that the record is conclusive as to everything material and traversable.

The fact that the former case was not appealable—the amount involved being less than $200—does not render that case any the less a bar to the present, for the simple reason that a court of competent jurisdiction determined in that case adversely to the appellants the very question which this court is called upon to determine in this action. If the action had been commenced after the month had expired, actual occupancy might have been an issue, in which event the jury might have found the lease void, and still have rendered a verdict in appellant's favor for use and occupation. *Silverstein v. Stern,* 21 La. An. 743.

The appellant, however, claims that he is not suing on the lease, but simply for use and occupation; but, to maintain an action for use and occupation, it is necessary to prove either an entry under a valid contract, in which event the defendant would be constructively in possession, even though not occupying the premises, or actual possession. It seems clear to us that the question of the validity of this lease was determined in the former suit, and that that decision was conclusive upon that point. When the respondent took possession on the 10th of July under the void lease, he became a tenant at will. Wood, Landlord & Tenant, § 15; *Withers v. Larrabee,* 48 Me. 570.

A lessee holding under an invalid lease is liable for rent on an implied verbal agreement. *Kinsey v. Minnick,* 43 Md. 112; *Howard v. Carpenter,* 11 Md. 259; *Anderson v. Critcher,* 37 Am. Dec. 72.

We deem it unnecessary to cite authorities to the point that the law does not imply an agreement to pay for that which one has not received; and in this case it is only claimed that the defendant was in constructive possession. In Wood's Landlord & Tenant, § 18, and notes, it is stated, in effect, that either party may put an end to a tenancy at will at any time and *instanter,* without notice, unless the statutes require notice; and, as there is no statute in this state requiring a tenant to give notice of his intention to terminate such a tenancy, he could in any event only be held liable for damages which might result to the property, or for loss thereof, by reason of his abandonment without notice. The appellant had notice, however, and there is nothing in the record showing that the notice was not sufficient to enable appellant to properly protect the property against loss; hence, if any loss oc· curred, it must be attributed to his own default.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON and DUNBAR, JJ., concur.