F. D. Anderson *vs.* John Critcher.—*December*, 1841.

By agreement under seal, C "binds himself, &c., to give D a lease for ten years on S, provided," &c. "the occupation of the shore must only extend from the 25th March to the 10th May." D must give said C notice of his intention to give up the property, on or before the month of June, otherwise it will be his for another year. This contract is determinable within the term, at the will of D, upon notice given on or before the month of June—otherwise it will continue for another year.

Upon a contract for a lease, or an agreement or covenant for the occupation of land for ten years, neither acknowledged nor recorded, the covenant to pay rent is void, if the land lies in Maryland.

If under color of a sealed agreement, land be occupied without the assent of the owner, the remedy is trespass q. c. f. ; if with his assent, use, occupation or assumpsit, may be maintained.

Where parties make a defective contract under seal for the lease of land, and one party takes possession and occupies the land of the other, the law implies a verbal contract of a similar import between them.

Where the judgment of the county court for the plaintiff upon demurrer to a declaration is reversed, this court will award a procedendo where the legal effect of the contract declared on has been mistaken.

Upon special demurrer to a declaration containing three counts, the county court rendered judgment for the defendant on two, and for the plaintiff on one count. The defendant appealed. Some of the causes of demurrer assigned, were exclusively applicable to the count sustained below ; upon the appeal this court only considered the count decided in favor of the plaintiff.

Appeal from *Harford* County Court.

This was an action of *covenant*, brought on the 16th October 1838, by *John Critcher* against *Francis D. Anderson.* The plaintiff declared in *three* counts, but as the decision of the county court was for the defendant on the *two first* counts, which were not appealed from, and was for the plaintiff on the *third* count, that count only is reported, and is as follows:

And whereas also, by a certain other indenture made on the 24th April in the year 1833, at *Harford* county, between the said plaintiff of the one part, and the said defendant of the other part, (one part of which said indenture, sealed with the seal of the said defendant, the said plaintiff now brings here into court, the date whereof is the day and year aforesaid,) he the said plaintiff, for the consideration therein mentioned, did demise, lease and to farm let to the said defendant, certain

premises particularly mentioned and described in said inden-
ture, except as therein excepted, to hold the same to the said
defendant, from the 25th March in the year 1834, until the 10th
May in the year last mentioned, and so from year to year, for
so long a time as they the said plaintiff and defendant should
please, subject to the further stipulation and agreement in the
said indenture contained; that the said defendant might at any
time thereafter determine said tenancy, and give up said de-
mised premises, by giving to said plaintiff or his assigns, notice
of the said defendant's intention so to do, on or before the
month of June next preceding the commencement of the occu-
pation for any subsequent year; or on failure of said defendant's
giving such notice within the time aforesaid, that said tenancy
should subsist and continue for the ensuing year, yielding and
paying therefor the sum of one hundred and fifty dollars for
the rent of the year 1834, and the sum of two hundred dollars
annually thereafter, during the continuance of the said lease,
paying annually after the expiration of the fishing season, that
is to say, upon the tenth day of May annually during said lease,
as by the said indenture reference being thereto had, more fully
appears. And the said defendant thereby for himself and his
heirs, did covenant, promise and agree to and with the said
plaintiff, that he the said defendant and his heirs, would well and
truly pay to the said plaintiff, the said sum of one hundred and
fifty dollars, for the rent of the year eighteen hundred and thirty-
four, and the said sum of two hundred dollars annually there-
after, during the said lease, at the period aforesaid, as by the
said indenture among other things more fully appears. And
the said plaintiff further saith, that although from the time of
the making of the said indenture, hitherto he the said plaintiff
hath well and truly performed and fulfilled every thing in said
indenture contained on his part and behalf, to be performed
and fulfilled, according to the tenor and effect thereof. Yet pro-
testing, that said defendant hath not performed and fulfilled any
thing in said indenture contained on his part and behalf to be
performed and fulfilled according to the tenor and effect there-
of; the said plaintiff in fact says, that after the making of said

indenture, and during the continuance of said lease, to wit, on the tenth day of May in the year eighteen hundred and thirty-four, the sum of one hundred and fifty-dollars, the rent for the year last aforesaid, became and was then due and is still due, in arrear and unpaid; and the further sum of two hundred dollars, the rent for the year eighteen hundred and thirty-five became due, to wit, on the tenth day of May in the year eighteen hundred and thirty-five, and is still in arrear and unpaid, which said several sums of money amounting in the whole to the sum of three hundred and fifty dollars, is still in arrear and unpaid to the said plaintiff, to wit, at the county aforesaid, contrary to the tenor and effect, true intent and meaning of said indenture, and of the said covenant of the said defendant in that behalf so made as aforesaid, to wit, at the county aforesaid.

And so the said plaintiff says, that the said defendant (although often requested,) has not kept his said covenant, &c.

The oyer of the covenant aforesaid, is as follows, to wit:

*Memo.* of agreement entered into this 24th day of April 1833, between *John Critcher* of the county of *Westmoreland* and *State of Virginia* of the one part, and *Donahoo* and *Anderson* of the county of *Harford* and *State of Maryland* of the other part—witnesseth, the said *John Critcher*, binds himself, his heirs, &c., to give said *Donahoo* and *Anderson* a lease for ten years on *Sandy Point Creek*, commencing at the mouth of gut and extending to *Forbes* line—provided however, there be no injuries done the fencing, nor none of the growth cut off of the beach, and the occupation of the shore must only extend from the twenty-fifth of March to the tenth of May; there are to be no sub-tenants, nor no privileges granted to any one at any time. The house which the said *Donahoo* and *Anderson* may put up for their own convenience, they can take down and carry off at any time, but they must give said *Critcher* or his assigns, notice of the intention to give up the property on or before the month of June, (otherwise it will be theirs for another year.) The said *Donahoo* and *Anderson* bind themselves, their heirs, &c., to pay to the said *Critcher*, one hundred and fifty dollars, for the rent of one thousand eight hundred and

thirty-four, and two hundred dollars per year after, the rent to be paid (or carry interest,) after the expiration of the fishing season。

Given under our hands and seals the day and year first above written.　　　　　　　JOHN CRITCHER, 　　　　(Seal.)
　　　　　　　　　　　　　DONAHOO & ANDERSON, (Seal.)

*Witness,— Gordan Forbes.*

The defendant demurred specially to the declaration, and asignsed as causes of demurrer—

1st. Relative only to the second count of the declaration. '

2nd. That the indenture as set forth in *all* the counts of said declaration, is variant from the indenture to the court here shewn in this; that said indenture is stated to have been a lease to said defendant, when in fact the indenture to the court produced is a lease to said defendant jointly with one *J. Donahoo*.

3rd. That the demise as set out in second and third counts, is a lease of the premises to the said defendant, from the twenty-fifth day of March in the year eighteen hundred and thirty-four, until the tenth day of May in the year last mentioned, and so from year to year, for so long a time as they the said plaintiff and defendant shall please, when in fact the indenture to the court here shewn is a lease for ten years, and determinable on the notice prescribed at the end of one year, only at the will of the lessee.

4th. That the lease therein set out in third count, is variant and inconsistent with the lease to the court shewn in this; that the lease declared on, is a lease from the twenty-fifth day of March in the year eighteen hundred and thirty-four, to the tenth day of May in the same year, and so from year to year, &c., when in fact the lease to the court here shewn, is to commence on the twenty-fourth day of April eighteen hundred and thirty-three.

5th. That the lease set out in third count, is a lease beginning on the twenty-fifth day of March eighteen hundred and thirty-four, to the tenth day of May in the same year, and so on, &c., when in fact the lease to the court here shewn has no certain commencement。

6th. That no averment of entry by said defendant is made in said third count of the declaration.

7th. Because the said supposed lease professes to pass an interest in lands for more than seven years, and has not been recorded and acknowledged as required by law, and is therefore void. Because it is not averred in said first count of said declaration, that plaintiff tendered to defendant the lease in said count mentioned, or that defendant refused to accept the same. And also, that third count of declaration is in other respects informal and insufficient, &c.

The county court rendered judgment on the demurrer to this count (the third,) for the plaintiff. The parties agreed on the amount of damages without withdrawing the demurrer, and final judgment was rendered for the plaintiff. The defendant appealed.

The cause was argued before BUCHANAN, C. J., STEPHEN, DORSEY, CHAMBERS, and SPENCE, J.

By OTHO SCOTT for the appellant, and

By A. W. BRADFORD for the appellee.

DORSEY, J., delivered the opinion of this court.

The declaration in the case before us contains three counts, to all of which the defendant demurred. To the first two counts the court ruled good the demurrer; and from such their decision no appeal has been prosecuted. The demurrer to the third count was overruled, and from the judgment of the county court overruling that demurrer, the present appeal has been prayed. We deem it unnecessary from the view we have taken of this case to determine, whether the agreement entered into by the parties be a lease, or a mere agreement for a lease, nor do we consider it necessary to decide on the sufficiency of many of the grounds of demurrer which have been discussed before us. There is nothing in the agreement from which it can be, with any degree of certainty, ascertained, whether the demised premises be in the State of *Maryland,* or where they are located. The appellants insist that they lie in *Maryland,* and

that the instrument of writing on which the present action of covenant is founded, is for the term of ten years, determinable however within the term, at the will of the appellant, upon his giving notice to the appellee, on or before the month of June, otherwise the term will continue for another year. With this construction of the agreement we concur, and if it be conceded that the demised premises lie in *Maryland*, we think the court erred in overruling the demurrer. Because the agreement not being acknowledged and recorded agreeably to the registration laws of the *State*, it passed at law no title whatever in the demised premises to the appellant, and consequently the covenant for the payment of rent which is dependent on the appellant's title, or interest in the demised premises created by the agreement, is wholly inoperative and void; and no such action of covenant can be maintained thereon, whether regarded as a lease or a covenant for a lease. If the appellant has under colour of this agreement, occupied the property intended to be demised, the appellee's remedy for the rent is not in covenant; but if the occupation be without his assent, it is *trespass quare clausum fregit;* if with consent, an action for use and occupation, or an assumpsit upon an agreement from year to year of similar import with that ineffectually executed, and which the law implies as existing between the parties.

Should the demised premises not lie in *Maryland*, we think the demurrer ought to have been sustained; because the agreement declared on in the *third* count is not the agreement given on *oyer*, either according to its tenor, or true intent and meaning, as we interpret it.

The judgment of the county court is reversed, and procedendo awarded.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.