Polk *vs.* Reynolds.

---

in granting this prayer; nor do we perceive in what manner the appellants were injured thereby.

*Judgment affirmed.*

(Decided 24th June, 1869.)

---

ROBERT M. POLK and MARY POLK, his wife *vs.* LUTHER M. REYNOLDS.

*Merger and Extinguishment — Equity Jurisdiction — Verbal Agreement — Statute of Frauds — Registry Law.*

When a mortgagee acquires the equity of redemption in the mortgaged property, it does not follow as a necessary consequence, that the mortgage becomes merged and extinguished. A person becoming entitled to an estate, subject to a charge for his own benefit, may, if he elect so to do, and manifest such election, take the estate and keep up the charge.

A Court of Equity will sometimes hold a charge extinguished, when, by the strict rules governing the subject at law, it would be regarded as subsisting; and sometimes preserve it, where at law it would be merged; the question being as to the intention, actual or presumed, of the person in whom the interests are united, founded upon the reason or necessity of the case.

A *bonâ fide* assignee of a mortgage has unquestionably the right to file a bill in equity to relieve the mortgaged estate from the cloud and embarrassment produced by the unfounded pretensions of a purchaser at a tax sale, and his assignee.

A verbal agreement or understanding in regard to the transfer of a leasehold interest in land, and the relinquishment of a mortgage thereon, is not only within the Statute of Frauds, but null and ineffectual by the Registry Laws of the State.

No interest in or concerning land, for a term exceeding seven years, can be transferred otherwise than in the mode prescribed by statute, and no act *in pais* is competent to that purpose.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint filed in this case on the 20th of March, 1867, by the appellee, charged that he was the assignee of a mortgage executed by Robert K. Huntt to William Hamilton, covering a certain leasehold interest in a lot improved by two three-story brick dwellings, on Sterrett street in the city of Baltimore, and intended to secure a debt of $1000, which became due on the 1st of January, 1859, and which at the time of filing the bill was wholly unpaid, (the date of said assignment being the 18th of February, 1867;) that on the 16th of March, 1867, for the purpose of collecting the mortgage debt, the complainant applied for and obtained a decree appointing a trustee to make sale of the mortgaged property; that the trustee so appointed, was prevented from making sale of the mortgaged property, because as the complainant had learned since he became the assignee of the mortgage, the appellant, Robert M. Polk, had set up a claim to the leasehold interest in said property, by reason of a pretended sale thereof, made on the 20th of December, 1860, by the auditor of the city of Baltimore, for State and City taxes alleged to be due on said property for the years 1857 and 1858, and a deed thereof to said Polk; that, although said pretended tax sale was not made in accordance with the laws of the State, and was wholly illegal and void, yet that the existence of said pretended claim and deed cast a cloud on the title to said property which prevented the trustee appointed under the mortgage decree from making an advantageous sale; that the said Polk had further interfered with the rights of the complainant, and had from time to time placed tenants in the two houses erected on said lot, and had collected rent from them, and appropriated the same to his own use, &c. The bill then prayed for an injunction to prevent the said Polk from interfering with the property, and asked that the tax sale should be declared void, the deed set aside and cancelled, and an ac-

count be taken of the rents received, and for general relief. The injunction was granted and issued as prayed. Subsequently Mary Polk, the wife of the appellant Robert, was made a party defendant, under an agreement of counsel, the said Robert having disclaimed any interest in the premises, he having conveyed the same to his said wife for valuable consideration, by his deed of the 16th of January, 1865. Polk and wife then filed their answer, admitting the execution of the mortgage to Hamilton, and alleging that the leasehold interest of Huntt, the mortgagor, had become, by successive transfers, vested in one Frederick S. Blitz, who held the property for a time and endeavored to turn it to some account, but finally abandoned it; that about the year 1856, Hamilton, the mortgagee, took possession of the houses which he found vacant, and let them to tenants, receiving the rents as if the property were his own; that such possession by Hamilton with the consent of Blitz, the assignee of the leasehold, operated in law as an extinguishment of the mortgage by the union in the same person of the right to the mortgage and the title to the property mortgaged, no right or encumbrance existing in any third person which required them to be kept separate. The appellant, Robert, answering for himself, admitted that he purchased the property at a tax sale, paid the purchase-money, and after the expiration of the time limited by law, received, on the 4th of January, 1862, a deed from the City Auditor for the same; that shortly afterwards, in a conversation between the appellant Robert and Hamilton, it was distinctly agreed and understood between them, that the former should pay the ground-rent of ninety-one dollars per annum to the latter, the same to be paid half-yearly on the first of January and the first of July in each and every year thereafter, the appellant Robert to be the owner of the leasehold; that Hamilton mentioned something about a mortgage, but remarked that he would have to lose it, and would be per-

fectly satisfied to receive the ground-rent. The answer also denied that the appellee had paid any real consideration for the mortgage, and charged that if he did, he had notice of the equities existing between Hamilton and the appellants. A general replication was filed to the answer, and a considerable amount of testimony taken under a commission issued by consent, and the case being submitted after argument, the Court, (PINKNEY, J.,) on the 15th of July, 1868, passed a decree declaring the deed from the City Auditor to the appellant Robert, null and void, and making the injunction perpetual. From this decree the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*William C. Schley* and *William Schley*, for the appellants.

The evidence clearly establishes, that the leasehold interest of Huntt having become, by several transfers, vested in Blitz, was surrendered by him to Hamilton; and such surrender was accepted by the latter. The effect of such surrender and acceptance was a complete extinguishment of the mortgage, and this occurred long before the alleged assignment of the mortgage to the appellee. *Forbes vs. Moffatt,* 18 *Ves.,* 384; *Compton vs. Oxender,* 2 *Ves. Jr.,* 261; *James vs. Johnson,* 6 *Johns. Ch. Ca.,* 425; *Hood vs. Phillips,* 3 *Beav.,* 513, 45 *Eng. Ch. Rep.*; *Viles vs. Moulton,* 11 *Verm.,* 470; *Mitchell vs. Mitchell,* 2 *Gill.,* 230; *Wahl vs. Barroll & Spence,* 8 *Gill,* 294; *Glenn vs. Spry,* 5 *Md.,* 110.

Therefore, when the alleged assignment of the mortgage of Huntt was made by Hamilton to the appellee, the mortgage had become extinct. The assignment, therefore, could not pass a right which had ceased to exist. *Nemo potest in alienum transferre plusquam ipse habet.*

It was not necessary for the appellant to sustain *his*

title, in the absence of proof of title in the appellee to the property in question. It is enough that it was held by the appellant under *color* of title, whether rightfully or not. *Hoye vs. Swan,* 5 *Md.,* 248–250 ; 18 *Howard,* 265.

*Benjamin F. Horwitz,* for the appellee.

There is no sufficient evidence to sustain the pretended verbal agreement between Polk and Hamilton, for the gift of the leasehold interest, and of the mortgage ; but the only disinterested witness, Hamilton, entirely and fully disproves it. But if the parol evidence offered were sufficient to show the making of the pretended contract, it could not be relied on under the provisions of the Statute of Frauds to enforce it. *Statute* 29 *Charles II, chap.* 3, *secs.* 1, 3, *and* 4, *Browne on Frauds,* 511; *White, Admin'x. vs. Coombs, Ex'r.,* 27 *Md.,* 489.

It would also be invalid under the registry laws of Maryland. The interest in the land being for a term exceeding seven years, " no acts *in pais* were competent to transfer it." *Code of Public General Laws, Art.* 24, *secs.* 1, 15, *and* 19 ; *Hays vs. Richardson,* 1 *G. & J.,* 366 ; *U. S. Ins. Co. vs. Shriver, et al.,* 3 *Md. Ch. Dec.,* 381, (*affirmed* 10 *Md.,* 517 ;) *Nelson vs. Hagerstown Bank,* 27 *Md.,* 73 ; *Peter vs. Schley's Lessee,* 3 *H. & J.,* 211; *Mayhew vs. Hardesty,* 8 *Md.,* 495.

But in no point of view could the pretended verbal agreement affect the appellee as a *bonâ fide* assignee for value, without notice. It would seem to be settled that the assignee of a mortgagee takes subject to all equities between the mortgagor and mortgagee, but not between the mortgagee and third persons without notice, either actual or constructive. *James vs. Morey,* 2 *Cowen,* 297; *Livingston vs. Dean,* 2 *Johns. Ch. R.,* 479 ; *Murray vs. Lylburn, same,* 441–442 ; *Cicotte vs. Gagnier,* 2 *Mich.,* 381 ; *Redfear vs. Ferrier,* 1 *Dow,* 50.

Polk *vs.* Reynolds.

ALVEY, J., delivered the opinion of the Court.

In this case the decree appealed from must be affirmed; the appellants wholly failing to show any right or title in themselves, and the case falling within the principle of *Polk vs. Rose,* 25 *Md.,* 153.

It has been insisted by the counsel for the appellants, that the leasehold interest of Huntt had been surrendered to Hamilton, the lessor and mortgagee, before the assignment by the latter to the appellee, and that by such surrender, and the union of the legal and equitable title in the same person, the mortgage had become merged and extinguished, and, consequently, the appellee acquired no right to entitle him to institute and maintain this proceeding. But upon examination of the record, we have discovered no sufficient evidence of such surrender of the leasehold interest, either by Huntt himself, or by any person claiming by assignment under him. That interest, subject to the mortgage, would appear to have been at the time of the institution of these proceedings, still outstanding.

Nor would it have followed, as a necessary consequence, if the evidence had shown that Hamilton had acquired the leasehold interest of Huntt, that the mortgage charge thereon would have been extinguished. For it is now well settled, that a person becoming entitled to an estate, subject to a charge for his own benefit, may, if he elect so to do, and manifest such election, take the estate and keep up the charge. And a Court of Equity will sometimes hold a charge extinguished, when, by the strict rules governing the subject at law, it would be regarded as subsisting; and sometimes preserve it, where at law it would be merged. The question, as said by Sir WM. GRANT in *Forbes vs. Moffatt,* 18 *Ves.,* 384, is upon the intention, actual or presumed, of the person in whom the interests are united, founded upon the reason or necessity of the case.

There is nothing in the proof to impeach the assignment of the mortgage by Hamilton to the appellee; and the

latter has, unquestionably, a right to maintain this suit to relieve the mortgaged estate from the cloud and embarrassment produced by the unfounded pretensions of the appellants.

The tax title is not supported, nor do we understand that it is relied on by the appellants. And as to the verbal agreement or understanding between Polk and Hamilton, in regard to the holding of the leasehold estate by the former, and the relinquishment of the mortgage thereon by the latter, relied on, that, of course, proceeds upon the assumption that the leasehold interest had been surrendered to Hamilton, which, as we have said, is not shown by the proof.

But if it were conceded that such surrender had taken place, the agreement set up by the appellants, to say nothing of the question as to the sufficiency of the consideration upon which it was founded, is clearly not only within the Statute of Frauds, but null and ineffectual by our registry law. 1 Code, Art. 24, sec. 1. No interest in or concerning land, for a term exceeding seven years, could be transferred otherwise than in the mode prescribed by statute, and no act *in pais* was competent to that purpose. *Peter vs. Schley's Lessee*, 3 *Har. & John.*, 211; *Hays vs. Richardson*, 1 *Gill & John.*, 366; *Anderson vs. Critcher*, 11 *Gill & John.*, 450.

*Decree affirmed.*

(Decided 24th June, 1869.)