(Decided 12th November, 1886.)

ELIZABETH ANN SITLER, Ex'x of MORRIS SITLER vs. GEORGE M. McCOMAS and Wife, and others.

*Mortgage—Acknowledgment—Constructive Notice.*

A mortgage of lands in Harford County executed before a justice of the peace of Baltimore City, and recorded with such justice's certificate of acknowledgment, but without the certificate of the clerk of the Superior Court of Baltimore City, that the justice taking the acknowledgment was a justice of the peace of said city duly commissioned and sworn, is not effectively acknowledged and recorded so as to take precedence over a second mortgage to which a proper certificate of acknowledgment has been affixed and recorded; and is not good against a subsequent purchaser of the equity of redemption without actual notice of the existence of such mortgage.

The recording of such mortgage will not affect a subsequent purchaser with constructive notice of its existence.

APPEAL from the Circuit Court for Harford County, in Equity.

In this case, a bill was filed on the 2nd of August, 1866, by Morris Sitler, to foreclose a mortgage on lands in Harford County, executed by George M. McComas and wife on the 8th of February, 1862.    This mortgage was acknowledged on the day it bears date, before George M. Bain, who is admitted to have been at the time a justice of the peace of the State of Maryland in and for

Baltimore City, duly commissioned and sworn. It was afterwards, on the 27th of February, 1862, filed for record in the clerk's office of the Circuit Court for Harford County, and was duly recorded with the certificate of the justice endorsed upon it, and recorded with it, but without the "official character of the justice, being certified by the clerk of the Superior Court of Baltimore City, under his official seal." Afterwards on the 12th of June, 1866, such certificate was attached to the mortgage, but was never recorded. On the 6th of September, 1862, McComas and wife executed a mortgage of the same property to Henrietta O. Cockey, which mortgage seems to have been duly acknowledged and recorded. On the 12th of February, 1866, George M. McComas executed a deed for the same property, for the consideration as stated of two thousand dollars, to Elizabeth Witmer, which was acknowledged (probably defectively) and recorded. On the 11th of June, 1866, George M. McComas executed a second deed for the same property to Elizabeth Witmer, for the consideration of $4313.66, which deed was acknowledged before John T. Spicer, a justice of the peace of Harford County, and on the 13th June, 1866, filed for record.

The bill of complaint makes Henrietta O. Cockey and Elizabeth Witmer, parties defendant. The latter in her answer, with other matters of defence, alleges the defect in the acknowledgment of the Sitler mortgage. The Court (WATTERS, J.) passed a decree dismissing the bill of complaint in so far as it prayed for a foreclosure, and the sale of the lands and premises in said bill described, and also as to all of the parties defendant in the case, except as to George M. McComas and wife. From this decree the executrix of Morris Sitler, deceased, appealed.

The cause was argued before ALVEY, C. J., MILLER, IRVING, and BRYAN, J.

*Henry W. Archer*, for the appellant.

*Stevenson Archer*, for the appellees.

IRVING, J., delivered the opinion of the Court.

The first question presented by this case is, whether a mortgage of land, lying in Harford County, executed by the makers in Baltimore City, before a justice of the peace of Baltimore City, and recorded *with* such justice's certificate of acknowledgment endorsed, but *without* the *certificate* of the clerk of the Superior Court of Baltimore City, that the justice taking the acknowledgment was a justice of the peace of the city, duly commissioned and sworn, has been effectively acknowledged and recorded so as to take precedence over a second mortgage, to which an unquestionably proper certificate of acknowledgment has been affixed and recorded, and is good against a subsequent purchase of the equity of redemption without actual notice of the existence of such mortgage.

It is conceded that the appellant's mortgage was executed before a justice who was such in Baltimore City, and a certificate of his being such was, four years after the record of the deed, procured and appended to the deed; but *it* was never recorded. But the counsel for appellant contends, that record of the certificate of the justice's official character is not positively required by the statute, and was not essential to the full validity of the instrument against every body subsequently taking a lien on the property, or buying the same, if, in point of fact, the officer was what he professes to be, and it be afterwards proven, as it was done in this case.

The language of the Code on the subject, as found in Art. 24, section 3, is as follows: "If acknowledged within the State, but out of the county or city where the real estate or any part of it lies, the acknowledgment may be made before any justice of the peace for the county or city where

the grantor may be at the time of acknowledgment: the official character of the justice being certified by the clerk of the Circuit or Superior Court under his official seal."

The mortgage sought to be given full effect, in *Dyson vs. Simmons*, 48 *Md.*, 207, was executed as the mortgage in this case was, before a justice outside the county where the land was, but was recorded without the certificate of the officer's official character as required by the Code in the section quoted. In that case the Court said the instrument was " ineffectually recorded ;" and afterwards in the same case, the Court explains why it was ineffectual: "the recording in fact being abortive because of the failure to procure the certificate of the official character and qualification of the justice taking the acknowledgment." This case would seem to be conclusive of this question, and leave it no longer open in this State ; and the decision rests on solid reason. If it were not so, the object of the registry laws would not be secured. The object of those laws was to preserve evidence of the contract, and to prevent fraud on creditors and purchasers. *Salmon vs. Clag-gett*, 3 *Bl.*, 125. It was therefore the prime object of the registry laws to preserve evidence of the true state of the title. By record of a properly executed and acknowledged deed all that was necessary, under the old law antedating them, to perfect title (including livery of seizin,) was presumed; and a copy of *such deed duly executed, acknowledged and recorded*, is made, by the Code, Art. 37, section 58, evidence. It is evidence of execution, and all that is necessary to support the title that *it* gives or professes to give. If any of the formalities essential to its validity as a deed do not appear in the deed, the natural presumption is, that they were omitted; else, being a part of it, by legal requirement, they would certainly *appear* to have been observed. Being wanting, the copy which is made evidence, would at once show their omission, and be conclusive against the va-

lidity of the paper. Indeed, in such case the copy is not evidence of title at all. By section 6 of Art. 24, of the Code, the certificate of acknowledgment is required to be attached to the deed and to be recorded with it. By the third section of the same article, a certificate of the justice's official character and qualification is expressly required as evidence of his right to take the acknowledgment, if the acknowledgment be taken before a justice of another place than the county or city where the land conveyed lies. It is only a deed *executed, acknowledged and recorded as provided,* that the first section of Art. 24 of the Code, says, shall pass title. If the certificate of the justice's authority, in the case provided for, *be not attached,* how can it be regarded as acknowledged at all, for in such case there is no *presumption* of his rightful authority. Being required as evidence of the justice's authority, it must have been intended to accompany that officer's certificate of the acknowledgment, and to be recorded with it. It could not have been designed only to require the grantee to keep such certificate in his possession and leave the question of the justice's authority open for inquiry and proof years afterward.

The only other question in the case is, whether the Cockey and Witmer deeds were taken with actual knowledge of the appellant's prior mortgage. The bill alleges each to have been so taken. There is not the slightest evidence that the Cockey mortgage was taken with any such knowledge, on the part of the grantee thereof. As to Mrs. Witmer's deed it is contended that it was taken with such knowledge, because her first deed states that it is taken subject to liens on the property ; and because she took a second deed increasing the consideration to an amount equal to the plaintiff's mortgage. Her first deed it may be observed was executed and recorded, as was the plaintiff's, without the certificate of the justice's official character and qualification. The Cockey mortgage was duly acknowledged and recorded, and took un-

deniable precedence over plaintiff's mortgage and the Witmer deed; and it was confessedly one of the liens to which the deed referred. It does not follow, however, that the Sitler mortgage was also referred to. The reference to liens cannot have been intended to cover secret liens, of which the grantee had neither actual nor constructive notice. If she had either, she took subject to such lien; but it would be a harsh rule to require the grantee, because of such language, to look up all liens that might be good against the grantor personally and only. It could only mean liens which were of public and legal notoriety, or of which she knew; and to protect the grantor from after liability to the grantee because of them. The registry of the complainant's mortgage being ineffectual, Mrs. Witmer had no constructive notice, and the language referred to did not, of necessity, put her on inquiry. Her first deed speaks of liens; but there may have been others besides the Cockey mortgage and this. There is no proof there was no other. Her taking a second deed, whereby the defective record of her first one was cured, and in which the consideration was increased over that of the first deed by a sum sufficient to cover this mortgage, is a suspicious fact; but that is all. The omission of Mrs. Witmer in her answer fully and explicitly to respond to the inquiries of plaintiff's bill strengthens the suspicion of more knowledge than is admitted, but the answer does not certainly prove knowledge of this mortgage.

Defending herself as she does, as a *bona fide* purchaser, she may do so, by answer, as fully as by plea; but the answer, in such case, must contain all the averments necessary to such defence as fully as if it were a plea which was not demurrable. *Baynard vs. Norris*, 5 *Gill*, 481–2; *Boone vs. Chiles*, 10 *Peters*, 211. The bill asked for a discovery from her; and the answer is not, we think, full and ingenuous. It is too equivocal and apparently

evasive.  It ought to have denied all knowledge up to
the time of the actual payment of the money which was
the consideration of the deed.  Had it been excepted to
a fuller answer would have been required.  If it would
serve any useful purpose we would *now* remand the cause,
that fuller answer may be had.  That however would be
futile.  The bill sought to purge Mrs. Witmer's conscience.
She is dead ; and her executors cannot possibly do that for
her.  The proof failing to *establish actual knowledge* of
complainant's mortgage, the decree must be affirmed.

*Decree affirmed.*

(Decided 12th November, 1886.)