## CHARLES H. SEICK *vs.* STATE OF MARYLAND.

*Allegation in an Indictment of Prior Conviction When Statute Does Not Increase Penalty for Second Offense.*

An indictment for selling liquor to a minor, under Code, Art. 56, sec. 86, averred that the defendant had been previously convicted of a similar offense. The statute does not provide any increased penalty for a second offense. *Held,* that the indictment is bad on demurrer, since the allegation of the previous conviction is not mere surplusage, but was

prejudicial to the defendant and not relevant to the issue, and it makes no difference that the jury was instructed to make no reference in their verdict to the former conviction.

Appeal from the Circuit Court for Anne Arundel County.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce and Schmucker, JJ.

*Robert Moss* (with whom was *A. Theo. Brady* on the brief), for the appellant.

*Daniel R. Randall, State's Attorney for Anne Arundel County* (with whom was *Isidor Rayner, Attorney-General,* on the brief), for the appellee.

Pearce, J., delivered the opinion of the Court.

The appellant was indicted for selling spirituous and fermented liquor to one Richard Bland, a minor, in violation of sec. 86 of Art 56 of the Code. This section does not provide any increased penalty for a second offense (as is provided by sec. 248 of Art. 27, for selling or giving away spirituous or fermented liquor on Sunday), nor does it allude at all to a second conviction for its violation. The State alleged, however, that the appellant had been previously convicted of a similar offense in the same Court, and each of the two counts of the indictment set out this former conviction as required in *Maguire* v. *State*, 47 Md. 496, a case arising under the Sunday law, Act of 1866, ch. 66, now sec. 248 of Art. 27. The traverser demurred to each count of the indictment, and the demurrer being overruled, he went to trial and was convicted and sentenced to pay a fine of $100, from which judgment this appeal has been taken.

Counsel for the State, in their brief, allege that sometime after overruling the demurrer, the Court instructed the jury to make no reference in their verdict to a previous conviction, but this does not appear in the record which discloses nothing more than we have stated above.

We have not been referred to, nor have we discovered any

reported case precisely in point, but the principles by which we must be governed, we think, are neither obscure nor doubtful. The contention of the State is, that as the former conviction is no part of the offense here charged, and was introduced only with a view to attach a heavier penalty to the actual offense charged than would otherwise be imposed, the averment of a former conviction must be regarded as surplusage, and therefore not injurious, while the appellant contends that as the averment was not stricken out, and the indictment went to the jury with that averment as part of the record, after the demurrer was overruled, he was thereby prejudiced, his character being thus practically brought before the jury as a bad character, without his character having been put in issue in any manner sanctioned by the law, and we cannot doubt that this is a correct position. We have carefully examined all the cases cited by the appellee in support of its contention, and we find that all except one are cases in which the alleged surplusage consisted in the *description* of the offense charged, and that the single exception, *State* v. *Moore*, 121 Mo. 514, arose under a statute *providing a heavier penalty for a second offense*, in which the objection was that the indictment was bad for duplicity in setting out the first offense at all, the Court overruling the objection on the same ground taken by this Court in *Maguire's case, supra.* If the averment in this case could be regarded as surplusage, it should have been stricken out, which was not done, and the alleged direction of the Court to the jury *to make no reference in their verdict to the former conviction*, is very different from a direction *not to regard the averment of conviction in considering the guilt of the traverser.*

In *Queen* v. *Summers*, 1 Crown Cases Reserved, 182, the Judge before whom the case was tried said it was not the practice under the Act under which the indictment was found " to insert a previous conviction for felony without some authority by statute, *as in such case it would be error in the record.*" The Larceny Act and the Coinage Act, he said, both recognized the insertion in the indictment, of the previous convic-

tion, but in the Act in question there was no such recognition, though it prescribed a heavier penalty for a second offense. The conviction was affirmed by the Court for which the case was reserved, though the practice was not considered ; it must however be regarded as correct practice, not having been condemned, and if in such case, the insertion of a previous conviction would be error, *a fortiori* must it be error, where the statute attaches no increased penalty to a second offense.

In *Regina* v. *Clark*, 6 Cox. Crim. Cases, 210, where the statute permitted a previous conviction to be alleged for the purpose of aggravating the punishment, several previous convictions were alleged, and upon conviction, it was objected, on motion in arrest of judgment, that it was error to allege more than one previous conviction. The Court held that any number might be alleged, but that even if it were otherwise, the objection should have been raised by demurrer.

Wharton in his *Crim. Prac. and Plead.*, sec. 938, commenting upon the English practice under the Act of Parliament, directing the prior conviction not to be committed to the jury until they had found the defendant guilty of the subsequent charge, unless he himself puts his character in evidence, says : " In several of the American States similar restrictions exist, and where they do not, it would be well for Courts in charging juries, to direct them scrupulously to avoid considering the conviction in the prior case as in any way affecting the question of guilt in the case on trial." It cannot be questioned that the averment of a previous conviction tends to prejudice the accused, but it is difficult to perceive how this can be avoided in view of the great weight of authority, and as held in *Maguire's case*, that the indictment must contain an averment of every fact essential to justify the punishment inflicted. In *Johnson* v. *People*, 55 N. Y. 514, CHURCH, C. J., said : "The objection that the evidence of a former conviction may affect the prisoner's character has no force when such evidence relates to the issue to be tried," and this is clear ; but it is equally clear that the objection is an insuperable one when, as in this case, there is no relevancy to the single issue for trial. If the

evidence is not relevant, the averment cannot be proper, and as it affects the defendant's character when that is not in issue, it is plainly prejudicial, and proper ground of demurrer.

*Judgment reversed, with cost, to the appellant above and below.*

(Decided November 22nd, 1901.)