## WILLIAM C. FALCK *vs.* JULIA BARLOW.

*Landlord and Tenant—Invalid Unrecorded Lease for Ten Years—Rights of Tenant Entered Into Possession and Paying Rent—Plea of Defense on Equitable Grounds.*

When a lease of land for ten years is made, but not acknowledged and recorded as is required by Code, Art. 21, sec. 1, and the tenant enters into possession, paying yearly rent, which is accepted by the landlord, the tenant and his assigns are to be regarded as tenants by the year. The tenancy is not created by the lease, but is implied by law from the occupation of the land, and the payment and receipt of rent therefor.

In an action of ejectment by a landlord against a tenant, when the lease under which the tenant entered being for ten years was invalid because not recorded as directed by Code, Art. 21, sec. 1, the defendant may rely as matter of law upon the defense that notwithstanding the invalidity of the lease he

holds as tenant by the year because he paid a yearly rent which was accepted.

Consequently, that defense should not be pleaded by way of defense on equitable grounds.

*Decided February 11th, 1909.*

Appeal from the Court of Common Pleas (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*E. J. Ellinger* (with whom was *G. Alnutt Manning* on the brief), for the appellant.

*Aubrey Pearre, Jr.,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant brought an action of ejectment against the appellee, in the Court of Common Pleas, for a parcel of land in Baltimore City. The appellee, as defendant below, pleaded not guilty and also by leave of Court filed an additional plea for defense on equitable grounds.

The equitable defense set up by the plea was possession under a written lease for ten years, at an annual rent of $560 payable in monthly instalments, with the privilege of five years extension—made July 20th, 1900, by the appellant to Patrick J. Barlow the husband and intestate of the defendant. It was alleged in the plea that possession of the land described in the declaration had been taken under the lease at its date by Barlow who had paid the rent therein specified down until January 28th, 1907, when he died intestate, and that the rent had been accepted by the plaintiff; that at Barlow's death his leasehold title to the land devolved upon the appellee as his administratrix who in due course of administration had under the authority of the Orphans'

Court distributed and conveyed it to herself and his two children as his next of kin; and that they had ever since then continued in possession thereof and had from time to time tendered to the plaintiff the rent specified in the lease. It is not alleged in the plea that the lease was acknowledged or recorded in the public records.

The appellant as plaintiff demurred to the equitable plea but the Court overruled the demurrer and judgment thereon was entered for the defendant and from that judgment this appeal was taken.

The appellee contends, on the facts stated in the plea, that although the lease was insufficient, for want of acknowledgment and recording, to convey a legal title to the term of ten years for which it called, it was good as a contract and was enforceable in equity, and that a Court of equity would have restrained execution upon any judgment the appellant might have recovered in ejectment and therefore the plea presented a complete "defense on equitable grounds" within the meaning of sec. 86 of Art. 75 of the Code of 1904. She further contends that the facts stated in the plea did not constitute a legal defense available to her under the general issue or other legal plea. The appellant on the contrary insists that the facts stated in the plea, if proven, would have shown a tenancy in the appellee amounting to a legal defense which could not be set up by an equitable plea.

As we have recently decided in *Robey* v. *State, use of Mallory,* 94 Md. 71, and *Stump* v. *Warfield,* 104 Md. 551, that a defense which is good at law cannot be pleaded on equitable grounds, it is evident that the practical question to be determined in this case is whether the facts stated in the equitable plea show such a tenancy of the land in question in the appellee as would constitute a good defense at law to the appellant's ejectment suit.

Sec. 1 of Art. 21 of the Code of 1904, provides in plain language that: "No estate of inheritance or freehold or any declaration or limitation of use or any estate above seven years shall pass or take effect unless the deed conveying the

same shall be executed, acknowledged and recorded as here-in provided." The terms of that section are so clear and positive that this Court, when called upon to construe them, has uniformly held that, although equity will in a proper case treat a defective deed or lease as a contract and enforce its execution and otherwise protect the rights of the parties to it, no legal estate, of. the character mentioned in the section, will be conveyed by a deed or lease neither acknowledged nor recorded. *Lester* v. *Hardesty,* 29 Md. 54; *Polk* v. *Reynolds,* 31 Md. 112; *Grove* v. *Todd,* 41 Md. 633; *Sitler* v. *McComas,* 66 Md. 135; *Nickel* v. *Brown,* 75 Md. 186; *Hoffman* v. *Gosnell, Ibid,* 589-90. It is clear therefore that no legal interest or estate in the land in controvesy was *conveyed* to the appellee *by the lease* set up in the equitable plea in this case.

It by no means follows, however, that she acquired no legal interest in the land as a result of the entire state of facts and transactions set out in the plea, which avers not only the execution of the lease but the entry thereunder into possession and continued occupancy of the land by her husband and intestate and the payment by him of the yearly rent therefor at the rate reserved in the lease until his death in 1907 and its acceptance by the owner of the land and the continued occupancy of the land after the husband's death by the appellee and her children claiming under him and their tender of the rent from time to time to the appellant. The authorities agree that from such an entry and continued occupation of land and payment and receipt of rent there results a legal relation of landlord and tenant between the owner and the occupant of the land. The tenancy is not created by the defective written lease but it is implied by the law from the occupancy of the premises and the payment and receipt of the rent therefor.

In *Kinsey* v. *Minnick,* 43 Md. 121, where a tenant had entered upon land, under a written lease that was invalid, because of the failure of the lessor's husband to sign it, and he and his assignees had continued to occupy it and pay the

rent prescribed in the lease for nearly three years and the owner of the land had received the rent, our predecessors held that the relation of landlord and tenant had been created and the occupant could not divest himself of the liability of tenant by abandoning the land without having given legal notice to quit. The ground of the decision is thus stated by the Court in the opinion in that case. "We have already said that the written lease of September 22nd, 1869, was invalid for the reason stated (failure of the husband to sign his wife's lease) but Shipley and Kinsey having taken possession under it occupied the premises as tenants liable for a monthly rent of $35. The law in such cases implies a verbal agreement of similar import as to terms, to that expressed in the writing. *Anderson* v. *Critcher,* 11 G. & J. 450; *Taylor's Landlord & Ten.,* sec. 58."

In the more recent case of *Emrich* v. *Union Stockyard,* 86 Md. 482, the defendants had entered on certain land under a written but unrecorded lease for ten years, at a yearly rent of $400 for the first five years and $600 for the remainder of the term, and after paying the rent for several years, which was received by the owner of the land, they assigned their interest in the land to persons who after occupying the premises for a time and paying rent thereon abandoned them without having given any notice to quit. The assignees, who had abandoned the property under those circumstances, were held liable for the rent reserved by the lease in a suit against them by the owner for its recovery. In that case the Court cited and relied upon the earlier case of *Kinsey* v. *Minnick, supra.* In *Emrich's Case* it was also held that the defective lease under which the tenant entered the land was admissible in evidence to show the terms of the holding. In *Arbenz* v. *Exely, Watkins & Co.,* 52 W. Va. 476, a defective lease was held under similar circumstances upon the authority of many cases there cited, to be admissible in evidence "not to pass a term nor give title for the term it names, but to show some kind of a tenancy exists, and to show its terms and conditions."

The precise character of the tenancy arising from the entry upon and occupancy of land under color of a void or defective lease and paying rent therefor to its owner has frequently been the subject of judicial consideration. Without reviewing at length the cases upon this subject it is sufficient to say that, while many of them hold that such a tenancy should be regarded at its incipiency as a tenancy at will, the weight of authority is that the periodical payment by the tenant of a yearly rent, either in one or more instalments, accepted by the landlord, makes the tenancy one from year to year. 24 *Cyc.*, 1031; 18 *A. & E. Encyc.*, 196; *Arbenz* v. *Exely, supra;* 1 *McAdam on L. & T.* 66; *Taylor on L. & T.*, sec. 56; *Coudert* v. *Cohn,* 118 N. Y. 309; *Talamo* v. *Spitzmiller,* 120 N. Y. 37; *Rosenblat* v. *Perkins,* 18 Oregon, 156; *Hellams* v. *Patton,* 44 S. C. 454.

It necessarily follows, from the views to which we have given expression, that the appellee in the case before us, upon the facts set up by her equitable plea, must be regarded as a legal tenant, in common with her children, from year to year of the premises described in the declaration and that such tenancy on her part, unless it has been terminated in some lawful manner, would constitute a good legal defense to the action, and should not therefore have been set up by an equitable plea.

The judgment appealed from must be reversed and the case remanded for a new trial.

> *Judgment reversed with costs and case remanded for a new trial.*