[Civ. No. 1158.    Third Appellate District.—April 8, 1914.]

CATHERINE M. HEFFERNAN, as Administratrix of the Estate of John O. Welsh, Appellant v. J. T. B. DAVIS, Respondent.

STATUTE OF FRAUDS—ESTOPPEL TO URGE AFTER PART PERFORMANCE OF ORAL AGREEMENT.—Where it is clearly and unequivocally made to appear that there has been a performance by one party to an oral agreement required by statute to be in writing, under such circumstances as to make it inequitable to allow the other party receiving

the benefit thereof to repudiate the contract on the ground that it is not in writing, he is estopped from doing so.

ID.—LEASE—ACTION FOR RENT—ESTOPPEL OF TENANT TO URGE STATUTE OF FRAUDS.—Where a tenant enters into and holds possession of land under a lease which is invalid under the statute of frauds because not signed by him, he is estopped to aver its invalidity in an action on the lease for rent.

ID.—ACTION FOR RENT—AMENDMENT OF COMPLAINT SO AS TO RECOVER FOR USE AND OCCUPATION.—Where the complaint in an action for rent sets out a lease and alleges that the defendant took possession thereunder, but the facts developed on the trial show that the defendant did not take possession by virtue of the lease, the plaintiff should be permitted to amend the complaint and thereby be afforded an opportunity to recover for use and occupation. Such an amendment does not introduce an entirely new and different cause of action.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order refusing a new trial. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

W. R. Garrett, and L. F. Coburn, for Appellant.

B. K. Collier, for Respondent.

CHIPMAN, P. J.—This is an action of unlawful detainer. The cause was tried by the court and defendant had judgment. Plaintiff moved for a new trial which was denied and she appeals from the judgment and order.

It is alleged in the complaint that, on or about March 25, 1906, plaintiff's intestate by lease demised and let to defendant the premises described as follows: N½ of sec. 22, T. 40 N., R. 4 W., M. D. M., situated in Siskiyou County, a copy of which said lease is as follows:

"This certifies that I have this day, March 25th, 1906, leased to J. T. B. Davis, the Van place on sec. 22, T. 40, N. R., 4 W. M. D. M. for the term of six years from date, at a yearly rental of one hundred and fifty dollars, per year, payable yearly in advance. The tenant to improve the place and keep in good order.

"J. O. WELSH."

It is further alleged that "defendant went into possession and occupation of said premises by virtue of said lease and still holds and occupies the same"; that no part of the said yearly rental has been paid and the whole thereof is due and unpaid, amounting to seven hundred and fifty dollars; that, on November 14, 1912, "within one year after the last yearly rent became due as aforesaid, by the terms of said lease, demand in writing was made by the plaintiff of the defendant for the payment of the said rent amounting to seven hundred and fifty dollars as aforesaid, or that he surrender the possession of said premises . . . but said defendant has neglected and refused, for the space of more than three days after said demand as aforesaid, to quit the possession of said demised premises or pay the rent thereof, due and unpaid as aforesaid, and the same still remains due and unpaid."

Defendant, in his answer, denies that the said Welsh let to defendant the said premises "by a lease a copy of which is attached to said complaint or by any written lease whatever"; denies that defendant "went into posession of said property under said lease" or that "he still holds or occupies the said premises under said lease or at all; and in this regard, this defendant says that defendant never entered into any written contract for the lease of said or any premises from the said J. O. Welsh and further says that this defendant never subscribed to any agreement, note, or memorandum of lease, for the said premises described, or for any other premises from the said John O. Welsh; and that said pretended agreement set out in said complaint is invalid under section 1973 of the Code of Civil Procedure of the state of California"; denies that any sum is due under said lease; admits the demand as alleged in the complaint "and states in this regard that said defendant immediately after the receipt of said demand for possession delivered up and quit the possession of said premises and since said time has no longer been in possession of same."

The court made findings: That said Welsh "did not on or about March 28, 1908, lease, demise or let to the defendant the premises described in plaintiff's complaint"; that "defendant did not go into possession of said premises under said lease and defendant does not now hold or occupy the same"; that "no sum of money became due for the rent of

said premises under said pretended lease"; that plaintiff made demand as alleged in the complaint and defendant failed to pay rent as there alleged and "that the defendant quit the possession of said premises, and that defendant does not unlawfully hold same or continue in possession of same." The court also finds: That "said paper writing denominated a lease is invalid under section 1973 of the Code of Civil Procedure of the state of California." As conclusion of law, the court found that plaintiff is entitled to take nothing and that defendant recover his costs. At the trial it was admitted that John O. Welsh executed the lease, exhibit "A" to plaintiff's complaint. This document bears date March 25, 1906, but rental is claimed for the years commencing March 25, 1908, and the years commencing March 25, 1909, 1910, 1911, and 1912. It was alleged in the answer that defendant quit possession upon receipt of the demand and notice alleged in the complaint and no longer holds possession. This would seem to justify the inference that defendant then held possession of the premises.

Plaintiff offered in evidence the document, exhibit "A," to which defendant objected on the ground that "it was irrelevant, incompetent and immaterial and that if it would connect with any land that Mr. Davis had, why Mr. Davis would not be bound by it . . . and it is not signed by Mr. Davis and that it is invalid under section 1973, subdivision 5 of the Code of Civil Procedure. The Court. I think that this is the case where the objection comes in as it has, that Mr. Davis, has not signed it, and the suit being against him, I think the objection is well taken and it is sustained. Plaintiff excepted." Defendant Davis was then called as a witness and was asked to state whether or not he went into possession of the land mentioned in the complaint. Objection was made as before and that "it is seeking to prove by parol to prove a contract that the statute says must be in writing." Like objection was made and sustained to a question whether or not he had "paid Mr. Welsh for the use and occupation of the land as described."

The theory of the defense and the rulings of the court rested on the proposition that because the defendant did not sign the lease it could not be made binding upon him by showing that he went into and held possession under it. The con-

tention of defendant, as shown in his brief, is, that plaintiff cannot recover on the lease and that his remedy is for use and occupation, citing *Falck* v. *Barlow,* 110 Md. 159, [17 Ann. Cas. 538, 72 Atl. 678].

An oral contract for the sale of real property is invalid but may be executed by the parties to it and its specific performance enforced in equity in case there has been part performance. (*Hill* v. *Den,* 121 Cal. 42, 44, [53 Pac. 642]. See Code Civ. Proc. sec. 1972.)

In *Niles* v. *Hancock,* 140 Cal. 157, [73 Pac. 840], the court seems to intimate that if there had been an actual taking of possession of the land by the vendee, it would have constituted part performance of what was an insufficient compliance with section 1973.

It was said in *Pearsall* v. *Henry,* 153 Cal. 314, 318, [95 Pac. 160] : "Where it is clearly and unequivocally made to appear that there has been a performance by a party on his part of an oral agreement required by the statute to be in writing under such circumstances as to make it inequitable to allow the other party receiving the benefit thereof to repudiate it on the ground that it was not in writing, he is estopped from doing so."

In the case cited by respondent the action was ejectment in which the defendant set up an equitable defense, possession under a written lease. It appeared that the lease was not acknowledged or recorded in the public records which rendered it insufficient under the Maryland statute to convey legal title for the term of ten years. It was claimed, however, to be good in equity. The court held that the "tenancy, unless it had been terminated in some lawful manner, would constitute a good legal defense to the action, and should not therefore have been set up by an equitable plea." A reversal was ordered for the reason that an equitable defense was not allowable in actions at law. Under our practice no such distinction exists. Here there was full performance by defendant—i e., it was sought to show that he entered under the lease as written, enjoyed its benefits for the period claimed and surrendered possession only after notice to quit. There was a change of position of plaintiff's intestate whose possession was surrendered to defendant. He now claims that he can defeat the action by resort to the statute of

frauds, notwithstanding his use and occupation of the premises by virtue of an instrument in writing which bound his lessor. If this can be done it seems to us the statute would be made to aid in the perpetration of a fraud whereas its purpose is to prevent fraud. It was said, in *Glass* v. *Hulbert*, 102 Mass. 30, [3 Am. Rep. 418] : "The fraud most commonly treated as taking an agreement out of the statute of frauds, is that which consists in setting up the statute against its performance, after the other party has been induced to make expenditures, or a change of situation in regard to the subject matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby acquired; so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds."

In Browne on the Statute of Frauds the author states: "It is settled by a long series of authorities, that a part execution of a verbal contract within the statute of frauds has no effect *at law* to take a case out of its provisions (citing cases) ; but this of course does not apply in those jurisdictions where law and equity powers are merged in the court, sitting nominally as courts of law." (Browne on Statute of Frauds, 5th ed., sec. 451.) Cases are cited in note to *Falck* v. *Barlow*, 110 Md. 159, [17 Ann. Cas. 538, 72 Atl. 678], holding that where a tenant enters under an agreement invalid by reason of the statute of frauds, and continues in posession paying a yearly rental for the same, and the rent is received by the owner, the tenant becomes a tenant from year to year. Here, however, no question arises as to the extent of the term of the tenancy, for the claim is for unpaid rental past due. If, as it was proposed to show, defendant went into possession and remained in possession under the lease, the writing became something more than a unilateral offer and, as was said in *Bloom* v. *Hazard*, 104 Cal. 310, [37 Pac. 1037] : "This was a sufficient execution to make the writing a binding obligation," though not executed by the party sought to be charged.

In *Reedy* v. *Smith,* 42 Cal. 245, the contract involved was for the building of a certain dam and was signed by the defendants only, but as it was acted upon by the other party and was executed, it was held to be binding on both parties and it was said that no question of the statute of frauds could be raised.    In *Crescent City Wharf & Lighter Co.* v. *Simpson,* 77 Cal. 286, [19 Pac. 426], it was held that the seal of the lessee was not necessary to the validity of the lease but that claiming under it and occupying and maintaining the wharf and paying rent was sufficient to make it binding.

"When a contract is signed by one of the parties only, but is accepted and acted upon by the other party, it is just as binding as if it were signed by both of the parties."    (9 Cyc. 300.)    "Where all engagements which the statute covers have been performed, an action lies upon the special contract for the enforcement of all remaining engagements, including the payment of the stipulated price for the property conveyed or services rendered."    (Browne on Statute of Frauds, sec. 124.)    Here the action is for the enforcement of the engagements which have been performed.    "A lessee accepting a lease under seal and entering into the use and occupation of the premises may become liable for the performance of the conditions of the lease, although the same is not signed by him."    (24 Cyc. 903, and cases cited.)

It seems to us, however, that if, as was sought to be shown, defendant entered into possession of the land and held that possession under the lease, he is estopped to aver its invalidity and that, as he cannot be heard to challenge its validity, the action may be maintained upon it.    To permit this defendant to raise this objection now, after he has enjoyed the possession and use of the land and after years of silence as to any defect in the lease, would promote injustice and must be condemned as unconscientious and therefore not to be permitted.    This question of estoppel is exhaustively treated in *Seymour* v. *Oelrichs,* 156 Cal. 782, [134 Am. St. Rep. 154, 106 Pac. 88]; to which nothing need be added.

The judgment and order are reversed.

Hart, J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 8, 1914, and the following opinion then rendered thereon:

CHIPMAN, P. J.—The complaint distinctly alleges that defendant went into possession of the premises under the lease pleaded. It is true that there was no evidence that defendant did so enter into possession and the offer made by plaintiff does not in terms call for an answer by the defendant, called as a witness for plaintiff, to the direct point of his entering into possession under or by virtue of the lease. But it seems to us that enough appeared to show that the trial court was of the opinion that not only was the paper signed by the lessor incompetent to establish any right in plaintiff, but that any evidence tending to show by parol proof of entry under the so-called lease would be equally incompetent.

If it should turn out on a new trial that defendant never knew that such a document existed and therefore did not enter into possession under it, a different situation would be presented. In such event plaintiff should be permitted so to amend her complaint as to meet the facts as they existed and if, as is contended by defendant, she can recover only for use and occupation irrespective of the lease, plaintiff should be given an opportunity to do so by amending her complaint. We do not think that such an amendment would introduce an entirely new and different cause of action. The use and occupation of the premises and nonpayment therefor constituted the basis of the action and could have been set up in the original complaint by a separate count and we see no reason why it may not be done at this time if the facts warrant it. (*Born* v. *Castle*, 22 Cal. App. 282, 286–288, [134 Pac. 347].)

The petition is denied.

Burnett, J., and Hart, J., concurred.